## Zeigler *against* Sprenkle.

It is irregular for a register to grant letters of administration to himself, and to take his bond with sureties; but having done so, he and his sureties are liable upon such bond to any one interested in the estate upon which the letters were granted.

An administrator *de bonis non cum testamento annexo* and his sureties are liable, and may be sued upon their administration bond, for money which arose out of the sales of the real estate of the testator, made in pursuance of the directions of his will.

A party defendant cannot avail himself of the effect of interlineations or erasures in the bond upon which he is sued on the plea of *nil debet*, but only upon the plea of *non est factum*.

ERROR to the Common Pleas of *Adams* county.

This was an action of debt by the Commonwealth for the use of Charles Sprengle against George Zeigler, Jacob Zeigler, Ephraim Martin, and David Zeigler, founded on the official bond of George and Jacob Zeigler, administrators *de bonis non cum testamento annexo* of Daniel Sprenkle, wherein the other two defendants were sureties. The defendants pleaded covenants performed and *nil debent.*

The plaintiff offered in evidence the bond of the defendants in the penalty of three thousand dollars, with the following condition:—" The condition of this obligation is such, that if the above bounden Jacob Zeigler and George Zeigler, administrators *de bonis non* of all and singular the goods, chattels, and credits of the said Daniel Sprenkle deceased, with a copy of the last will and testament of said deceased annexed, do make or cause to be made a true and perfect inventory of all and singular the goods, chattels, and credits of the said deceased, which have or shall come to the hands, possession, or knowledge of them, the said Jacob Zeigler and George Zeigler, or unto the hands or possession

[Zeigler v. Sprenkle.]

of any other person or persons for them; and the same so made do exhibit or cause to be exhibited unto the register's office in the county of Adams, at or before the 27th day of January next ensuing; and the same goods, chattels, and credits of the said deceased at the time of his death which at any time after shall come to the hands or possession of the said Jacob Zeigler and George Zeigler, or unto the hands or possession of any other person or persons for them, do well and truly administer according to law; and further do make or cause to be made, a true and just account of their said administration at or before the 27th day of December, A. D. 1825; and all the rest and residue of the said goods, chattels, and credits, which shall be found remaining upon the said administration account (the same being first examined and allowed of by the Orphans' Court of the county of Adams), shall deliver and pay unto such person or persons respectively as the said Orphans' Court, by their decree or sentence, pursuant to the true intent and meaning of the said deceased's will and according to law, shall limit and appoint, then this obligation to be void and of none effect, or else to remain in full force and virtue."

The defendants objected to the evidence :—

1st. Because there were erasures and interlineations in the bond.

2d. Because George Zeigler, one of the principals, was, at the time the letters were granted and the bond given, the Register of the county of Adams, and had therefore no power to take such a bond from himself.

The court overruled the objections, and sealed a bill of exception at the request of the defendant.

The plaintiff then gave in evidence the will of Daniel Sprenkle deceased, by which he authorized and empowered his executors therein named to sell his real estate; the administration account of the defendants, in which they charged themselves with the proceeds of the sale thereof; and then proved their own debt against the estate. It was also made to appear on behalf of the defendants, that George Zeigler was the register of the county, and granted the letters of administration to himself.

The defence was made for the sureties, who asked the court to instruct the jury :—

1st. That they were not liable upon their bond to creditors for the proceeds of the sale of the real estate made in pursuance of the directions contained in the will of the testator.

2d. That the issuing of the letters of administration, with the will annexed, by George Zeigler to himself, was illegal and void, and therefore the plaintiff could not recover.

DURKEE (President) ruled both these points against the defendants, and directed a verdict and judgment for the amount of the plaintiff's claim.

[Zeigler v. Sprenkle.]

*Smyser* and *Cooper*, for plaintiffs in error.
*Reed*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The plaintiffs in error were the defendants in the court below in this action, which was instituted against them on a bond alleged to have been executed by George Ziegler and Jacob Ziegler, two of the plaintiffs in error, as administrators *de bonis non* of the goods and chattels, &c. of Daniel Sprenkle deceased; and by Ephraim Martin and David Ziegler, the other two plaintiffs in error, as sureties of the first two for their faithfully administering the goods, &c. of the said deceased, according to the terms of the condition of the bond. Charles Sprenkle, for whose use the suit was brought, was a creditor of the deceased at the time of his death, and showed that he had obtained a judgment for his debt against the executors of the last will and testament of the deceased without being satisfied for the same, and that he had by a writ of *scire facias*, sued out on said judgment, obtained a revival of it against the administrators *de bonis non*, without being able to procure payment thereof. He also showed moneys of sufficient amount to satisfy his judgment in the hands of the administrators *de bonis non*, which they raised from a sale of real estate belonging to the testator, made by them under the authority of the will. The plaintiff declared upon the bond, setting it forth and the condition thereto annexed, and likewise the proceeding by suit which he had commenced and prosecuted against the executors first, and afterwards against the administrators *de bonis non*, for the purpose of recovering his debt, without being able to effect it, and that moneys belonging to the estate of the deceased had come to their hands sufficient to pay and satisfy his debt, which ought to have been so applied, but had been refused and misapplied by them. The defendants below pleaded performance of the condition of the bond and *nil debent*, upon which the plaintiff below took issue. The defendants on the trial objected to the plaintiff's reading the bond and condition in evidence to the jury, first, because, as was alleged, they contained erasures and interlineations apparent on the face of the same; and second, because George Zeigler, one of the obligors and principals in the bond, was at the time of its execution the register of the county, and as such granted the letters of administration to himself in conjunction with Jacob Zeigler, which fact they offered to prove to the court. The court, however, admitted the bond with its condition to be read, to which the counsel of the defendants took exception. It was proved, however, afterwards in the course of the trial by the defendants below, that George Zeigler was at the date thereof, and at the time of granting the letters of administration to himself and Jacob Zeigler, the register of Adams county, in which the bond and letters of administration were given and granted.

VII. — 23

[Zeigler v. Sprenkle.]

The counsel for the defendants below then argued before the court and the jury, that the plaintiff could not recover upon the bond, because it and the letters of administration were void, inasmuch as the register had no power to take a bond of, and grant letters of administration upon, the estate of any one to himself. And again, that as it appeared that the only money which came to and could be considered in the hands of the administrators had been produced by a sale of real estate made by them, it was not embraced by the bond and condition thereof on which this action is brought. But the court instructed the jury against the defendants on both these points. This instruction of the court was excepted to by the defendants' counsel, and forms the first error assigned. Although it may not be altogether regular or unexceptionable for the register of wills to appoint himself an administrator within the county of which he is register, and to grant letters of administration accordingly, yet, having done so, and given a bond with sureties to the Commonwealth conditioned for his lawful and faithful administration of the decedent's estate, no good reason has been assigned why he and they should not be bound thereby, and held liable to all persons interested in the estate, or having claims against it, in the same manner and to the same extent, at least, that he and his sureties would have been, had the letters of administration been granted by some other person being register of the county at the time. I should hesitate long before I should come to the conclusion that letters of administration *de bonis non, cum testamento annexo,* granted by the register to himself, are void; for the effect of it might be to annul all sales of real estate made under the will to purchasers, after they had paid a full price for the same, which might prove ruinous to them. But suppose the letters of administration in this case to have been void, which is the utmost that can be claimed, then the register must be regarded as having undertaken the administration of the deceased's estate voluntarily, and he and his sureties as having entered into and executed the bond voluntarily, for the benefit of all those who might be concerned and interested in such voluntary administration of the estate of the decedent. Voluntary bonds— that is, bonds not required by law—given by persons in office with sureties, conditioned for the faithful execution thereof, have been held good and available.

So if a bond with sureties be given by an officer *de facto*, conditioned for the faithful execution of the duties of the office, where such a bond is required of the person when appointed to the same office *de jure*, it would scarcely be imagined, I apprehend, that such bond would not be good for all purposes to which it might have been applied in case the officer had been duly appointed to or placed in the office. The public interest and welfare require that it should be so, and there is not even the semblance of reason why it should be otherwise. The obligors have no rea-

son whatever to complain that they are held to be bound by their bond according to its tenor, since they entered into it of their own free will and accord. Then, as to the objection that the bond cannot be extended so as to embrace moneys in the hands of the administrators, arising from real estate late of the testator, sold by them under the authority of the will, we think it cannot be sustained. The condition of the bond refers expressly to the will of the decedent, and requires that everything which shall be found remaining on the account of the administrators, after being examined and allowed of by the Orphans' Court, shall be paid and disposed of according to the true intent and meaning of said will. Moneys raised by administrators *de bonis non* from a sale made by them of the testator's real estate, or any portion thereof, must be regarded as goods and chattels, or assets belonging to the estate of the decedent, in their hands for the payment of debts, if requisite, and after that to be appropriated according to the directions of the will. It is the policy of the law not to grant letters of administration upon the estate of any decedent, whether the estate be real or personal that is to be taken charge of and administered, unless good security be given for the due and faithful performance thereof. That such is the law, every one is bound to know; and it is fair, therefore, to presume in this case, as also in every case of a like nature, that the defendants below knew and were fully apprised at the time they executed the bond in suit, that it was intended to cover all moneys at least which should come into the hands of the administrators belonging to the estate of the decedent, whether received by them in payment of debts owing to it, or in payment of the price of either personal or real estate sold by them under the authority of the will. It is right in such case to construe the bond, if it will admit of it, so as to make it answer the requisitions of the law on the subject; and this, in short, is only carrying into effect what must be deemed to have been the design and intent of the parties in executing the bond. We therefore think the court were right in instructing the jury as they did.

The second error, which is the only remaining one, is the exception taken to the admission of the bond in evidence. The bond with its condition is set forth in the declaration of the plaintiff according to the erasures and interlineations which are said to appear on the face thereof, and the other parts of the same; to which the defendants pleaded performance of the condition and *nil debent*. Now, it is clear that the first of these pleas admitted that the bond was executed by the defendants with all the erasures and interlineations which appeared upon the face of it, and the condition thereto annexed, which concluded them from objecting to its being given in evidence. Then, as to the plea of *nil debent*, I take it not to be an appropriate or good plea to this action, seeing it is founded upon the bond; and had it been de-

[Zeigler v. Sprenkle.]

murred to, instead of issue having been taken on it, it must have been pronounced bad. *Hard.* 332; 3 *Lev.* 170; 2 *Ld Raym.* 1500; 2 *Strange* 778; 8 *Mod.* 107. So, although facts are mixed with it, as in an action by the assignee of the sheriff upon a bail-bond, *nil debet* is no plea. 2 *Ld Raym.* 1503; 2 *Strange* 780; 5 *Burr.* 2586. The greatest benefit to be derived from it by the defendants in such case, when not demurred to by the plaintiff, but issue taken on it, would seem to be, to let the defendants into any defence that they may be able to *prove*. *Rawlins* v. *Danvers*, (5 *Esp. Rep.* 38). But still this would not impose on the plaintiff the burthen of proving that the bond was duly executed and delivered by the defendants with all the erasures and interlineations apparent upon it, before the plaintiff would have a right, under the issue joined, to read the bond in evidence to the jury. The plea of *nil debet* must be considered as admitting the execution of the bond, though issue be taken on it. If it be the intention of the defendant to avoid the bond in such case, on account of erasures and interlineations, or either, made therein after its execution, and he wishes to throw the burthen of proof on the *plaintiff* to show, before he shall be allowed to read the bond in evidence, that they were either made before the execution, or afterwards by the consent of all the parties concerned, he ought, as I conceive, to plead *non est factum*. See *Pigot's Case*, (11 *Co.* 27).

Judgment affirmed.