# Parkinson, for use, *versus* The City of Parker.

1. Where the pleadings admit the proper execution of the bond in suit the plaintiff has a right to read it in evidence to the jury; he has then a prima facie case, and the entry of a compulsory nonsuit is error.

2. Where the general practice and a rule of court require the plea of *non est factum* the plea *nil debet* will be declared bad upon demurrer.

3. The seal of a corporation to a bond is prima facie evidence that the corporation duly authorized its execution.

4. The right of a borough to borrow money within the prescribed limits, and issue certificates therefor, bearing interest, is conferred by the borough law of the state, and the fact that the bond in this case called for eight per cent. interest did not invalidate it, and it was only void for the excess over the legal rate of interest.

October 22d 1877. Before MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. AGNEW, C. J., and SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Armstrong county:* Of October and November Term 1876, No. 230.

Debt brought by John Parkinson, for the use of J. Overy and J. P. Coulter, against the city of Parker upon a bond, issued by the

[Parkinson *v*. City of Parker.]

borough of Lawrenceburg, in Armstrong county. The borough of Lawrenceburg was incorporated 14th December 1870, by the Court of Quarter Sessions of Armstrong county, under the general borough laws of the Commonwealth. The city of Parker was incorporated by an act of the legislature, April 7th 1873, Pamph. L. 193. By that act the borough of Lawrenceburg was included within the corporate limits of the city of Parker and the city made liable for the debts of Lawrenceburg.

The bond bore date November 21st 1872, for $500, with interest at eight per cent., and was signed by the burgess and clerk of the borough of Lawrenceburg, and sealed with its corporate seal.

The defendant pleaded *nil debet*, want of consideration, set off, and specially, that the consideration of the bond sued on was a note executed by John Parkinson and D. L. Miller, officers of the Parker's Landing and Lawrenceburg Water Company, which note was due and unpaid.

It was contended that this plea of *nil debet* was bad, under the 65th rule of the Court of Common Pleas, which is set forth in full in the opinion of this court.

At the trial the plaintiff put in evidence the record of the Court of Quarter Sessions incorporating the borough of Lawrenceburg, the charter of the city defendant, and the bond executed by the borough under its corporate seal.

The defendant then moved for a nonsuit, on the ground that "plaintiff has shown no authority for the issuing of the bond in suit," which the court, McDermitt, P. J., entered and subsequently refused, on motion, to take off.

Plaintiff then took this writ, assigning this action of the court for error.

*Golden & Patton* and *J. V. Painter*, for plaintiff in error.— Under the plea of *nil debet* the due execution of the bond was admitted. 1 Chit. Pl., 6th Am. ed., 518, 519; Tr. & H. Pr., pt. 1, 458; Barrington *v*. Bank, 14 S. & R. 405; Smith *v*. Weld, 2 Barr 55; Zeigler *v*. Sprenkle, 7 W. & S. 179.

The court seemed to hold that the plaintiff under the pleadings was required to prove not only the consideration of the bond but the authority to issue it. The seal itself was prima facie evidence that the contract had been duly entered into by the corporation. If it were in fact affixed by persons having no authority, that was a matter for subsequent consideration by the jury: Berks and Dauphin Turnpike Road *v*. Myers, 6 S. & R. 16; Commonwealth *v*. Pittsburgh, 5 Wright 284. At the time of granting the nonsuit the only legitimate evidence before the court and jury was the bond, the due execution of which had been admitted by the pleading and the proof of demand before suit brought, and the bond being in due form of law under the seal of the corporation and nothing appearing

[Parkinson *v.* City of Parker.]

upon its face showing any illegality or absence of consideration or want of power to issue it, was protected by the presumption that it had issued for a legitimate debt of the corporation which the borough had general powers to create, as well as the special power conferred by the Borough Acts of 1834 and 1851 and 1870: 1 Purd. Dig. 165, 166, 167, 168, 169, especially the power to borrow money and to issue certificates given by the Act of 3d of April 1851: Purd. Dig. 169. And hence it is clear that the nonsuit was improper.

*J. Gilpin,* for defendant in error.—By the 65th rule the plea of *non est factum* would have only denied that the bond was signed or sealed in point of fact; what the defendant did deny was that the seal and signatures were there as the authorized act of the borough. Nothing more than the mere physical execution of the bond was admitted. *Nil debet* was therefore the proper and only plea, and as the plaintiffs did not demur but went to trial, the burthen was upon them to prove the whole case: Brubaker *v.* Taylor, 26 P. F. Smith 87; Zeigler *v.* Sprenkle, 7 W. & S. 179; Moyer *v.* Fisher, 12 Harris 516.

The burgess and clerk had no authority to issue bonds unless authorized to do so by resolution of councils: Commonwealth *ex rel.* Gest *v.* Pittsburgh, 7 Wright 395.

The bond in this case which calls for "the just and full sum of five hundred dollars, with eight per cent. interest in nine months from date," is not therefore, as plaintiffs have stated in their argument, regular on its face, but on the contrary its face shows beyond question that it was and is void and was not and could not legally be the bond of Lawrenceburg borough.

Mr. Justice STERRETT delivered the opinion of the court, January 7th 1878.

This action of debt was upon a bond, executed by a municipal corporation and prima facie regular on its face. The only question is, whether the court was right in entering judgment of nonsuit, after the bond had been given in evidence in connection with other testimony, introduced by the plaintiff. The pleas were *nil debet*, want of consideration, set off, and specially, that the consideration of the bond was a certain overdue and unpaid note, executed by the officers of The Parker's Landing and Lawrenceburg Water Company. The 65th rule of the Common Pleas provides, that "in debt on specialty and covenant, the plea of *non est factum* shall operate as a denial of the execution of the instrument sued on, in point of fact only; and all other matters, including those which make the instrument void or voidable in law, must be specially pleaded, or be particularly set forth in a specification filed before or with the plea of the general issue." Under this rule, as well as according to general practice, *nil debet* was not a good plea, and

[Parkinson *v.* City of Parker.]

if a demurrer had been interposed it would have been declared bad; but, inasmuch as the plaintiff chose to go to trial without objection, it could not be treated as a nullity. The greatest advantage that the defendant could claim was, that it let him into any defence that he might be able to prove. It did not, however, impose on the plaintiff the onus of proving that the bond was executed and delivered by the borough for whose debts the corporation defendant was made liable by the terms of its charter. The pleading must be considered as admitting the execution of the bond, and the plaintiff had a right to read it in evidence to the jury: 1 Chit. Pl., 6th ed., 518, 519; 1 Tr. & H. Pract. 458; Zeigler *v.* Sprenkle, 7 W. & S. 179, and authorities there cited. Having given in evidence the record of the Court of Quarter Sessions, incorporating the borough of Lawrenceburg, the charter of the city defendant and the bond executed by the borough under its corporate seal, he had a prima facie case. As remarked by Chief Justice GIBSON, in The Berks and Dauphin Turnpike *v.* Myers, 6 S. & R. 16, "the seal itself was prima facie evidence that the contract had been duly entered into by the corporation." The right to borrow money within the prescribed limits and issue certificates therefor, bearing interest, was conferred by the general borough law; and the fact that the bond in this case calls for eight per cent. interest does not invalidate the obligation. It is only void as to the excess over the legal rate of interest. The power, says Mr. Justice STRONG, in Commonwealth *v.* Pittsburgh, 5 Wright 284, "to execute and issue bonds, contracts and other certificates of indebtedness, belongs to all corporations, public as well as private, and is inseparable from their existence. It is for this they hold a common seal. No one will doubt that, for a legal and authorized debt, a municipal corporation might give its bond under its general corporate powers. If a bond given by such an obligor be void, it is not because of the form of instrument nor because general corporate powers do not warrant giving bonds, but because the debt for which the bond has been given was created without authority, against law or without law."

Whether the bond in controversy was issued without consideration or the debt for which it was given " was created without authority, against law or without law," are questions which might have arisen if the defence had been developed and such testimony introduced as would have been admissible under the pleadings; but none of these questions are now before us. It is sufficient to say that when the plaintiff rested, he had a prima facie case, which entitled him to go to the jury; and the learned judge therefore erred in entering the judgment of nonsuit.

Judgment reversed and a *procedendo* awarded.