## Little Saw Mill Valley Turnpike or Plank Road Company *v.* Federal Street and Pleasant Valley Passenger Railway Company, Appellant.

*Corporation—Contract—Seal—Officers.*

When the common seal of a corporation is affixed to an instrument, and the signatures of the proper officers are proved, the courts are to presume that the officers did not exceed their authority, and the seal itself is prima facie evidence that it was affixed by proper authority.

*Street railways—Corporate powers—Contract—Turnpike company.*

A street railway company which has operated a horse railway on the roadbed of a turnpike company has the corporate power, when it constructs an electrical railway, to enter into a contract with the turnpike company to compensate the latter for the increased burden imposed upon its property.

Argued Oct. 30, 1899. Appeal, No. 144, Oct. T., 1899, by defendant, from judgment of C. P. No. 2, Allegheny County, July T., 1897, No. 175, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, FELL and BROWN, JJ. Affirmed.

Assumpsit to recover a deficiency in gross receipts. Before WHITE, P. J.

The contract sued upon was as follows :

" This agreement made the 25th day of November, 1889, between the Little Saw Mill Valley Turnpike or Plank Road

Company, party of the first part, and the Federal Street & Pleasant Valley Passenger Railway Company, party of the second part, witnesseth, that the party of the first part hereby agrees that so much of the railway of the party of the second part as is situate on the turnpike or plank road of the party of the first part, and extending from North avenue in the city of Allegheny, Penna., to the present stable of the party of the second part, may be changed to and operated as an electric railway. In consideration thereof said party of the second part hereby guarantees that the gross receipts of the party of the first part from tolls on its entire turnpike or plank road, shall not fall short of what they were for the year ending December 31, 1889, and if that be the case, said party of the second part will each year make up and pay the deficiency to said party of the first part, and said party of the second part, will also bear one half of the expense of keeping in repair that portion of said turnpike or plank road occupied by it, viz., from North avenue to the present stable of said party of the second part, and the above guarantee as to tolls and agreement as to repairs, shall continue so long as the party of the second part shall occupy the turnpike or plank road of the party of the first part, or until such time as said turnpike or plank road shall become open to the public, without payment of toll by condemnation or otherwise; and it is further agreed by said party of the first part that it will keep its turnpike or plank road in as good condition as at present and shall use due diligence in collecting tolls. It is further agreed that satisfactory arrangements shall be made between the parties as to character and kind of rails to be used and manner of laying the same, and this agreement is dependent upon such arrangements being made. It is further agreed that the party of the second part shall at its own expense have the right to change the location of the toll house of said party of the first part, from its present site at or near the stable of the party of the second part, to a lot belonging to, or in the possession of, the party of the second part, and situate on said turnpike or plank road opposite the mouth of Royal street, and to continue the same on said lot free from rent so long as the said turnpike or plank road remains a toll road.

"In testimony whereof the presidents of said corporations have hereto affixed the seals of their respective corporations, and have also set their hands the day and year aforesaid.

"Little Saw Mill Valley Turnpike or Plank Road Co.,

"HAY WALKER, JR., Sec. and Treas.

"Federal St. & Pleasant Valley Pass. Ry. Co.,

"D. F. HENRY, Pres."

The following is a statement of the deficiency in gross receipts:

"ALLEGHENY, PA., April 8, 1897.

"Federal Street and Pleasant Valley Passenger Ry. Co.   Dr.
"To Little Saw Mill Valley Turnpike or Plank Road Co.

Dec. 31, 1893. To decrease in tolls for year end-
    ing Dec. 31, 1893    .    .    .    .    $ 632.70
Dec. 31, 1894. To decrease in tolls for year end-
    ing Dec. 31, 1894    .    .    .    .    .    1,532.20
Dec. 31, 1895. To decrease in tolls for year end-
    ing Dec. 31, 1895    .    .    .    .    1,662.60
Dec. 31, 1896. To decrease in tolls for year end-
    ing Dec. 31, 1896    .    .    .    .    .    2,601.33
                                            _____
    "Total    .    .    .    .    .    .    .    $6,428.63"

Defendant's points and the answers thereto were as follows:

1. The measure of the power of the plaintiff and defendant company is to be found in their respective charters, and there being no legislative authority granting to either the plaintiff or defendant company power to enter into the alleged contract sued on, such contract, even if made, is ultra vires, and the plaintiff cannot recover in this case. *Answer:* Refused. [1]

2. The alleged contract sued upon in this case was made by the president of the company, without authority from the corporation defendant, or its board of directors, and was therefore unauthorized and the plaintiff cannot recover in this case. *Answer:* Refused. [2]

3. Under all the evidence in this case, the verdict should be for the defendant. *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*W. P. Potter*, with him *Wm. A. Stone*, for appellant.—When the legislature of Pennsylvania incorporated the Federal Street & Pleasant Valley Passenger Railway Company, they did not authorize the formation of a guarantee or insurance company.

The powers of a corporation are bounded upon all sides by the authority contained in its charter: Thomas v. Railroad Company, 101 U. S. 71 ; Morawetz on Private Corporations, sec. 192.

The powers of a president of a corporation are such only as he derives from the board of directors, or any other authority to which he owes his appointment: Clark on Corporations, p. 495 ; Potts v. Wallace, 146 U. S. 689 ; Davis v. Old Colony Railroad Co., 131 Mass. 258.

*W. B. Rodgers*, for appellee.

OPINION BY MR. JUSTICE BROWN, December 30, 1899 :

The Federal Street & Pleasant Valley Passenger Railway Company, appellant, incorporated under the act of February 20, 1868, was occupying at the time of the execution of the contract sued upon a portion of the appellee's roadbed, with its tracks upon which cars were run by horse power. The agreement under which it had its tracks upon the turnpike or plank road seems to have been a verbal one, the terms of the same being immaterial in considering the questions raised on this appeal. In 1889 the appellant decided to change its motive power to electricity, and in making this change others became necessary. New and additional tracks were required, as well as overhead construction, for the operation of the road by the new power. These changes imposed new and additional burdens upon the appellee, entitling it to compensation, and there can be no question that the appellant had corporate power, implied if not express, to provide by agreement what should be paid to the Turnpike or Plank Road Company, instead of having the same adjusted by adverse and expensive proceedings at law.

An agreement in its name was executed by D. F. Henry, its president, providing, among other things, for the change to elec-

tricity as a motive power, and, in consideration of the change so allowed, guaranteeing to the Little Saw Mill Valley Turn-pike or Plank Road Company, payment by the appellant each year after 1889 of any deficiency in the gross receipts based upon those received in that year. The tolls diminished for the years 1893 to 1896, inclusive, $6,428.63, and this suit was brought for the recovery of that sum. On the trial the plaintiff insisted that this deficiency in tolls was the measure of recovery fixed by the contract, but the court, fairly and liberally con-struing it, at least so far as the defendant was concerned, did not sustain this view. The jury were instructed that the amount recoverable was what they might find was the loss in tolls due to the substitution of electricity for horse and mule power in moving the cars. They were told to ascertain to the best of their ability under the evidence what amount, if any, of tolls had been lost by the defendant's use of electricity on its cars, and that if no loss had occurred by the use of it, the plaintiff could not recover. Their attention was called to what might have been other causes for the diminution of the receipts, and their verdict in the light of the meager evidence to guide them was in favor of the plaintiff for less than one third of its claim. We cannot disturb it, if the instructions complained of were not improper.

The first complaint is that the court erred in not holding that the contract was ultra vires and that, therefore, the plain-tiff could not recover. The court properly refused so to charge the jury, and the first assignment of error is over-ruled. It is insisted, however, that the railroad company was not bound by the contract, because it was made by the presi-dent without authority from the corporation or its board of directors. It is signed by the president. The corporate name attached was apparently in the handwriting of the secretary, and the common seal was affixed. Neither officer was called to deny authority to act, and the presumption was that it had been given. The maxim, omnia præsumuntur rite esse acta, applies to acts done on behalf of corporations, and it can never be pre-sumed that a corporate agent is acting wrongfully; or that an act which might have been a proper act to do on behalf of the corporation was done under circumstances rendering it im-proper: Taylor on Private Corporations, sec. 204. "Where

a party deals with a corporation in good faith—the transaction is not ultra vires—and he is unaware of any defect of authority or other irregularity on the part of those acting for the corporation, and there is nothing to excite suspicion of such defect or irregularity, the corporation is bound by the contract, although such defect or irregularity in fact exists. If the contract can be valid under any circumstances, an innocent party in such a case has a right to presume their existence, and the corporation is estopped to deny them:" Merchants' Bank v. State Bank, 10 Wall. 644. "When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, the courts are to presume that the officers did not exceed their authority, and the seal itself is prima facie evidence that it was affixed by proper authority:" Angell & Ames on Corporations, sec. 224. The second point submitted by defendant was properly refused. The second and third assignments of error are overruled and the judgment affirmed.