## Young v. Wesley Lumber and Supply Company.

*Corporations—Power of officers to execute judgment note.*

1. The president and treasurer of a corporation who executes a warrant of attorney to confess judgment is presumed to have acted in good faith and under authority either in the by-laws or the resolutions of the board of directors; hence, such a judgment will not be stricken off, although, in a proper case, it may be opened.

2. An officer of a corporation has no power by virtue of his office to bind the corporation by signing a warrant of attorney to confess judgment; but such powers are frequently conferred upon such officers. The right of an officer to exercise the power and bind the corporation, when such authority is either expressly or impliedly given him by the corporation cannot be denied; the principle upon which he may bind the corporation by making its promissory notes is that of agency.

Rule to strike off judgment. C. P. Erie Co., Feb. T., 1922, No. 710.

*Charles A. Mertens,* for plaintiff; *Henry C. Baur,* for defendant.

Bouton, P. J., 48th judicial district, specially presiding, Aug. 15, 1923.— On March 14, 1922, judgment was entered in favor of the plaintiff and against the defendant by virtue of a warrant of attorney contained in a note purporting to be given by the Wesley Lumber and Supply Company, S. H. Youngman, president and treasurer.

On June 1, 1922, the defendant, by attorneys, moved the court to strike off the judgment, but assigned no reasons therefor, and, of course, the only reason that could be considered was matters apparent upon the face of the record. Whereupon this court filed an opinion striking off said judgment.

On June 19, 1922, plaintiff moved for reargument of the rule to strike off the judgment, and this court made the following order: "And now, to wit, June 19, 1922, motion granted, and the argument of the rule to show cause why judgment should not be stricken off is ordered to be reargued, all further proceedings to be stayed in the meantime."

On Aug. 14, 1923, the matter came up for reargument and was argued by counsel.

An inspection of the opinion filed in support of the order striking off the judgment discloses that the court treated the note as the joint note of the Wesley Lumber and Supply Company and S. H. Youngman, failing to see that under the signature S. H. Youngman appeared the typewritten words: "President and Treasurer."

We now look upon the note as the note of the Wesley Lumber and Supply Company, executed on behalf of the said company by S. H. Youngman, its president and treasurer.

It is urged by counsel that, in the absence of something appearing upon the face of the record to show that Youngman, as president and treasurer, had authority to execute the note on behalf of the corporation, the record is defective and the note invalid on its face, and, therefore, the judgment should be stricken off.

We are not prepared to say that a warrant of attorney to confess judgment, executed by the president and treasurer on behalf of a corporation, is on its face invalid.

We think that the presumption is that an officer, such as president and treasurer of a corporation, who executes such a warrant of attorney is presumed to have acted in good faith and under authority, either in the by-laws or resolution of the board of directors. In Turnpike Co. *v.* Passenger Ry. Co., 194 Pa. 144, our Supreme Court said (page 148): "The maxim *omnia*

*præsumuntur rite esse acta* applies to acts done on behalf of corporations, and it can never be presumed that a corporate agent is acting wrongfully, or that an act which might have been a proper act to do on behalf of the corporation was done under circumstances rendering it improper."

True it is that no regular corporate seal appears to be affixed to the note. And it does not appear that the corporation had ever supplied itself with such seal. The note states, "Witness its hand and seal." Then appears the name "Wesley Lumber and Supply Co. (Seal)," and then underneath that, "S. H. Youngman (Seal), President and Treasurer," it thus appearing that the corporation adopted and used the ordinary seal—(Seal)—commonly used upon notes of this character.

Counsel for the defendant urged that this case is ruled by Hamborsky v. Magyar Presbyterian Church, 78 Pa. Superior Ct. 519. We cannot agree with this contention. The note in that case did not appear to be executed by any officer of the corporation, but was signed by Gregory Sandor, Vice-President, Board of Trustees, and no seal of any character was affixed to the instrument.

In that case the Superior Court said: "Concerning the instrument upon which the judgment was based, the learned court, however, said: 'Judgment d. s. b. was entered ostensibly by confession in a promissory note of a church congregation by hand of one describing himself as vice-president of its board of trustees. It may at least be doubted whether there is any presumption of authority in such official to so bind either the congregation or its property. Hence, if counsel had contented himself with the *prima facies* of the case as so presented of record, he might have been entitled to the specific relief asked for.' We agree that not only is there no presumption of authority, but that an inspection of the instrument shows such absence of authority as makes the judgment invalid and requires that the rule be made absolute. The instrument is obviously incomplete; it purports to be executed under 'the hand and seal of the Magyar Presbyterian Church, Scranton, Pa.,' but no seal is affixed; the signature, 'Gregory Sandor, Vice-President, Board of Trustees,' adds nothing by way of *prima facie* proof of authority."

In the case of State Bank of East Moline v. Moline Pressed Steel Co., 119 N. E. Repr. 604, the Supreme Court of Illinois, in relation to a controversy on all-fours with the present one, said: "Plaintiff in error contends that it affirmatively appears the Circuit Court did not have jurisdiction of its person when it entered judgment and that the judgment is void. The argument is that the president of the corporation had no implied authority, by virtue of his office, to execute the note and warrant of attorney; that the judgment by confession was entered without any proof of such authority, and is void. It is true an officer of a corporation has no power, by virtue of his office alone, to bind the corporation by signing a warrant of attorney to confess judgment; but such powers are frequently, if not usually, conferred upon such officer: Burch v. West, 134 Ill. 258, 25 N. E. Repr. 658. The right of the officer to exercise the power and bind the corporation, when such authority is either expressly or impliedly given him by the corporation, cannot be denied. 'The principle upon which an officer of a corporation can bind it by making its promissory notes, with or without a warrant of attorney to confess judgment, is that of agency:' Snyder Bros. v. Bailey, 165 Ill. 447, and 46 N. E. Repr. 452. In that case Snyder Bros. was a corporation. Its name was signed to a promissory note, with power of attorney to confess judgment, by A. W. Snyder, president and treasurer, and A. A. Sigsbee, secretary of the corporation. Judgment was entered on the note by confession. The judgment was attacked by other creditors of the corporation, who claimed the judgment

4 D. & C.

was void because there was no evidence of the authority of the officers of the corporation to execute the power of attorney. The court said: 'If the power is duly signed by officers who, under the law, may execute the same if authorized to do so, and no seal of the corporation is used, the power of attorney is still valid, provided the authority to execute it exists. The question in this case may, therefore, be said to be: Are the warrants of attorney upon which these judgments were confessed valid upon their face, or is it necessary, in order to make them *prima facie* valid, that the seal of the corporation or other evidence of authority to execute them should appear? We think the warrants, being executed by officers recognized by the law as proper persons to do so, if authorized, there being nothing to show such authority or the absence thereof, are *prima facie* valid. We do not think it can be seriously contended that these powers of attorney to confess judgment are void upon their face, because to so hold would be to say that powers of attorney to confess judgment could only be executed by corporations under their corporate seal, and for this we are unable to find any authority.' "

In view of the authorities above quoted, we are of the opinion that the warrant of attorney in question is *prima facie* valid and that the judgment should not have been stricken off for matters apparent upon the face of the record. If no authority in the president and treasurer existed to execute the note on behalf of the corporation, this fact is susceptible of proof and will be important in determining the rule to open judgment, which is now pending in this court. The words "President and Treasurer," faintly typewritten under the name of S. H. Youngman, were overlooked by the court when it wrote its former opinion. Had they been seen at that time, the order striking off the judgment would not have been made, and, of course, it would not have been treated as the joint note of the corporation and S. H. Youngman.

We are now convinced that it was error to strike off the judgment.

And now, to wit, Aug. 15, 1923, the opinion and order filed striking off the judgment is hereby revoked, the rule to show cause why judgment should not be stricken off is discharged and the judgment reinstated.