## Crozer Theological Seminary v. Johnson.

*Corporations—Power to execute warrant of attorney to institute suit— Executive committee—Seal of corporation—Presumption.*

1. The executive committee of a corporation has the general power to execute a warrant of attorney to institute a suit.

2. Any one challenging such power must show an exception to the general rule.

3. Where the seal of a corporation is affixed to a document, and there is no denial of the genuineness of the signature of the officers, it will be presumed that the officers did not exceed their authority.

4. The seal of a corporation to a document is *prima facie* evidence that it was affixed by proper authority.

5. The maxim *omnia præsumuntur rite esse acta* applies to acts done in behalf of corporations, and it can never be presumed that a corporate agent is acting wrongfully or that an act which might have been a proper act to do on behalf of the corporation was done under circumstances rendering it improper.

Rule to strike off warrant of attorney.  C. P. Delaware Co., June T., 1924, No. 848.

*Kingsley Montgomery*, for rule; *J. B. Hannum, Jr.*, contra.

BIDDLE, P. J., 9th judicial district, specially presiding.—In response to a rule heretofore granted by this court, the American Baptist Publication

Society, one of the plaintiffs, filed its warrant of attorney, said warrant being executed by the general secretary and recording secretary of the board of managers of the plaintiff corporation, acting by virtue of a resolution of the executive committee of its board of managers, adopted on Oct. 24, 1924. The warrant of attorney has attached the corporate seal of said plaintiff, and the warrant of attorney was duly acknowledged by the recording secretary of the board of managers. The rule to strike off alleges that the warrant of attorney is not properly executed, that it is not acknowledged according to law, that the officers who executed it were without authority to do so, and that the corporation did not authorize said officers to execute the said warrant of attorney. The warrant of attorney itself sets out specifically the resolution adopted by the executive committee of the board of managers, and, as stated above, the warrant of attorney is executed under the common corporate seal of the plaintiff. No depositions were taken on behalf of the defendants to sustain the suggestions of irregularity in the execution of the warrant of attorney, and no brief in support of the rule was submitted by them, although more than four times the period agreed upon within which such brief was to be submitted has elapsed.

We do not think that the pending rule can be sustained. We have no doubt of the general power of an executive committee to authorize the execution of such a warrant of attorney, and there is nothing to indicate that the present plaintiff is in a class that is within any exception to the general rule. The common seal of the corporation is attached, and, there being no denial of the genuineness of the signatures, we are to presume that the officers of the corporation did not exceed their authority; and the seal itself is *prima facie* evidence that it was affixed by proper authority: Turnpike Co. *v.* Passenger Ry. Co., 194 Pa. 144.

"The maxim *omnia præsumuntur rite esse acta* applies to acts done on behalf of corporations, and it can never be presumed that a corporate agent is acting wrongfully, or that an act which might have been a proper act to do on behalf of the corporation was done under circumstances rendering it improper:" Turnpike Co. *v.* Passenger Ry. Co., 194 Pa. 144.

And now, July 14, 1925, the rule to strike off the warrant of attorney of the American Baptist Publication Society is discharged, at the cost of the defendants.                                        From A. B. Geary, Chester, Pa.