## Wile & Co., Inc., v. Freedman.

*J. Julius Levy*, for rule; *R. L. Levy*, contra.

MAXEY, J., Aug. 13, 1928.—On July 23, 1928, the plaintiff, a New York corporation, issued a præcipe for a writ of replevin for certain men's clothing. The writ is returnable to September Term, 1928. On said date, July 23, 1928, plaintiff's bond in replevin was filed. It is a printed form of replevin bond bearing three lines for signature, each followed by the printed word "Seal" in a scroll. The bond is signed as follows:

|                          | (Written) | (Printed) |
| ------------------------ | --------- | --------- |
| M. Wile and Co., Inc.    |           | (Seal)    |
| Jno. D. Metzger,         |           | (Seal)    |
| R. L. Levy    Ass't Secty. |         | (Seal)    |

Of the written part, all except the name "R. L. Levy" is in the writing of one person.

The corporate seal of the plaintiff is not affixed to the bond.

On the same day, July 23, 1928, defendant filed a motion to quash the writ of replevin and assigned in support of the motion the following reasons:

"The writ of replevin in this case was issued without the plaintiff executing and filing with the prothonotary of this court a bond to the Commonwealth of Pennsylvania for the use of the defendant, with surety, in double the value of the goods sought to be replevined, as provided by the acts of assembly in such cases made and provided. No bond was executed by the plaintiff nor filed by the plaintiff in this case.

"There is an instrument in writing intended to function as such bond and running in the name of the plaintiff corporation, which it purports to bind for breach of its condition, but it is not executed by the proper officers of the said corporation and is not sealed with the corporation seal of the said company."

A rule was granted to show cause why the writ of replevin should not be quashed and set aside.

It is, of course, well-settled law that a corporation must have a seal in order to execute instruments required to be under seal and that a corporation may adopt any device as a seal, either generally or *pro hac vice*, but it is not law that any officer of a corporation, particularly a subordinate officer, can adopt, *pro hac vice*, any device to take the place of the official seal of the corporation duly adopted by the act of the corporation.

It is also the law that a seal is of the essence of a bond and that no writing can have the qualities which attach to a bond without the seal of the party executing it, and that, in the absence of a seal, an instrument will not be construed as a sealed bond, although there is a recital in the body thereof that the obligors and parties have set their hands and seals thereto: 9 Corpus Juris, § 19, page 14.

In the case before us, it is formally asserted and not denied that the printed word "Seal" which appears on the bond of the corporation purporting to attach it is not the seal of the plaintiff corporation. The identity of the alleged seal being challenged, the burden of proof is upon the plaintiff to meet this challenge. Instead of meeting the challenge, it, in effect, admits that the challenge is well taken—that the printed word "Seal" is not the seal of the plaintiff corporation.

It is true that the corporation could have adopted, generally or for this transaction, the seal used by its assistant secretary, but it is nowhere asserted that the corporation did so. In fact, it is tacitly conceded that it did not do so.

Plaintiff relies on the case of Pennsylvania Natural Gas Co. *v.* Cook, 123 Pa. 170. In that case the bond was signed: "Penna. Natural Gas Company, by B. F. Rafferty, Gen. Man. (Seal). B. F. Rafferty. United Gas Fuel Company, by J. M. Guffy, President. (Seal). Attest: J. M. Cooper, Secretary." The bond was without the corporate seals, but with common scroll seals. The case was an action on this bond; the bond had already been offered and admitted in evidence and the case of the plaintiff had been closed;. then a motion was made objecting to the bond, first, because one of the corporations did not have its common seal thereon, and, second, because as to the other corporation the bond was *ultra vires* and void. The Supreme Court held that this motion came too late and said that they were not certain that a motion to strike it out would have availed the defendants, because they "had availed themselves of the consideration. They had obtained all they needed from the plaintiff. . . . When an agent exceeds his authority, his principal cannot avail himself of the benefit of his act and at the same time repudiate his authority. . . ." (page 183.)

In the case at bar, however, the bond was signed, not by the president and attested by the secretary, as in one instance, nor by the general manager, as in the other instance, in the case cited, but was signed by an assistant secretary. No consideration has yet passed to the plaintiff corporation, nor has it availed itself of any benefit of the assistant secretary's act, and, therefore, it can repudiate his authority. In the case at bar, the motion to quash is not too late, but timely, and the defendant has not availed himself of any benefit under the bond.

The quotation from the above-cited case upon which the plaintiff principally relies is this, which appears on page 183 and is cited from Angell & Ames on Corporations, § 226: "The signature of the agent of a corporation executing the instrument on its behalf, being proved, the seal, though mere paper and a wafer, stamped with the common desk seal of a merchant, will be presumed to be intended as the seal of the corporation until the presumption is rebutted by competent evidence."

The answer to that quotation, so far as it affects the case at bar, is that if the agent who executed the bond in question had authority to execute it, the seal used by him will be presumed to have been the seal of the corporation until the presumption is rebutted. In the case before us, the agent, that is, the assistant secretary, had no *prima facie* authority to execute the bond; and even if he did, the identity of the seal used by him is challenged and not denied. Hence, any presumption in its favor is rebutted. If this bond had been offered in evidence in some legal proceeding, the seal used might have passed current as the seal of the corporation because its identity was not challenged, and until it was challenged, the presumption would be that the seal used was the official corporate seal. However, a mere presumption must, of course, give way when confronted by a fact to the contrary.

We, therefore, have this situation: the alleged bond of the plaintiff corporation is not a bond at all, because it is not under the common seal of the corporation.

As was said in Leazure *v.* Hillegas, 7 S. & R. 313, 318: "A corporation is an imaginary being; a creature of law, which cannot act otherwise than as described by law. Its deeds are authenticated by its common seal, but that seal must be proved. It is not one of those public matters of which individuals are bound to take notice."

In Parkinson *v.* City of Parker, 85 Pa. 313, 316, the Supreme Court said: "The power, says Mr. Justice Strong, in Com. *v.* Pittsburgh, 5 Wright (41 Pa.), 284, 'to execute and issue bonds, contracts and other certificates of indebtedness belongs to all corporations, public as well as private, and is inseparable from their existence. It is for this they hold a common seal. . . .'"

In United States *v.* Mercantile Trust Co., 213 Pa. 411, 413, the method of executing sealed instruments by a corporation is set forth as follows: "The bond is clearly intended as a sealed instrument by the appellant. It is signed in the name of the corporation by the vice-president and the corporate seal is affixed, attested by the secretary."

We are obliged to hold that the bond in question in this case is defective, in that the seal of the plaintiff corporation is not affixed thereto.

There is also a second question in this case. The defendant contends that the bond is defective, in that it does not show the authority of Metzger, the assistant secretary, to bind the plaintiff corporation.

1 Eastman on Private Corporations in Pennsylvania (2nd ed.), 143, makes the following statement: "The president, vice-president, secretary and treasurer of a corporation have, in general, no powers to contract for the corporation. The duties of the president are to preside and to act as a director; those of the secretary to keep the books and minutes of the company, and those of the treasurer to receive, keep and disburse the funds thereof. Whatever other duties they have are either derived from the by-laws or expressly conferred by the board of directors. They may, however, through a course of dealing known to the corporation and acquiesced in thereby, acquire implied powers which the corporation will be estopped to deny."

What the duties of a president and treasurer are are more fully set forth in that text-book on page 158, etc., but the duties of a secretary are omitted solely because such duties consist of keeping the books and minutes of the company.

In the case at bar, the bond was not even signed by the secretary but by an assistant secretary, an office that is unknown to the Corporation Act. Surely there should be a presumption of authority to sign the plaintiff company's name in order for the defendant to recover on the bond. This court

cannot presume this to be the act of the corporation in the absence of some authority set forth in the bond for the assistant secretary to perform such an act.

In Hamborsky v. Magyar Presbyterian Church, 78 Pa. Superior Ct. 519, a judgment signed by the "Vice-President, Board of Trustees," was stricken off because there was nothing in the instrument showing any authority. The instrument was under "the hand and seal of the Magyar Presbyterian Church, Scranton, Pa.," but no seal was affixed. In that case, the Superior Court said, page 524: "We agree that not only is there no presumption of authority but that an inspection of the instrument shows such absence of authority as makes the judgment invalid and requires that the rule be made absolute. The instrument is obviously incomplete; it purports to be executed under 'the hand and seal of the Magyar Presbyterian Church, Scranton, Pa.,' but no seal is affixed; the signature, 'Gregory Sandor, Vice-President, Board of Trustees,' adds nothing by way of *prima facie* proof of authority; the instrument not only contains a confession of judgment but releases errors, waives stay of execution and inquisition, etc., as well as exemption of personal property from levy and sale on execution; it is obviously not an ordinary but an extraordinary transaction of a character not usually performed by any officer. While it has been held that a contract executed in the name of a corporation, signed by its president and secretary, with the corporate seal affixed thereto, is presumed to be the act of the corporation (Turnpike Co. v. Passenger Ry. Co., 194 Pa. 144, 148), we have been referred to no authority and have found none permitting us to hold that an informally-executed paper, such as is before us, can sustain the judgment entered by the prothonotary pursuant thereto. See Millward-Cliff Cracker Co.'s Estate, 161 Pa. 157; Stokes v. New Jersey Pottery Co., 46 N. J. L. 237."

If in the case at bar the corporate seal of the plaintiff company were affixed to the bond, it might be said that the presumption was that the officer executing the bond did not exceed his authority and that the seal itself would be *prima facie* evidence that it was affixed by proper authority. But in this case not even the printed word "Seal" shows that it was intended as a *corporate* seal.

The office of assistant secretary is unknown to the Corporation Act, and, therefore, there is no presumption that an assistant secretary has the right to execute a bond in the name of the corporation as the act of the corporation. See North Penn Iron Co. v. Boyce, 58 Atl. Repr. 1094.; Vandermark v. Glen Amusement Co., opinion by Leach, J., Lackawanna County, No. 1079, September Term, 1928.

In Thompson on Corporations (3rd ed.), § 1633, page 135, it is said: "Whatever may be the authority or power of the secretary as to the records and seal and as to his official acts in communicating the actions of the corporation, it is, nevertheless, the rule that he has no inherent power to bind the corporation by original contracts made by him, or by letters or documents officially signed by him, or by his statements or representations."

In the case at bar, the burden was upon the plaintiff to file a bond in replevin, and this burden is met only when the bond filed shows on its face that it is the bond of the corporation. The bond does not bear the corporate seal of the plaintiff and neither was it executed by an official who had any authority to so execute the bond.

We might also call attention to the fact that there is no seal after the name of the surety.

The space before the first "Seal" is taken up with the name: "M. Wile and Co., Inc."

The space before the second "Seal" is taken up with the name of "Jno. D. Metzger," who is the assistant secretary, but who wrote the words "Asst. Secty." in the space before the third "Seal."

R. L. Levy, the surety, wrote his name before the words "Asst. Secty," which words Metzger had written as stated above. So in fact the alleged bond is also without any seal of the surety executing it as well as without the official seal of the corporation whose assistant secretary executed it.

### Conclusion.

From all the foregoing, our conclusion is that the bond challenged is not a bond within the meaning of the Replevin Act of April 19, 1901, P. L. 88, and that, for that reason, the writ was improvidently issued.

### Order.

Now, to wit, Aug. 13, 1928, the defendant's motion is allowed, the rule to show cause is made absolute, and the writ of replevin is quashed.

From John G. McAskie, Scranton, Pa.