# Hamborsky, Appellant, *v.* Magyar Presbyterian Church (No. 1).

*Practice, C. P.—Judgments—Rule to strike off—Rule to open.*

1. A rule to strike off a judgment is a common law proceeding, raising questions of irregularity or insufficiency apparent upon the face of the record. A rule to open judgment is an equitable proceeding. The two are not interchangeable, and, where the parties do not consent thereto, one cannot be substituted for the other by the court.

*Judgments—Confession by corporation—Instrument not under seal—Signature by vice-president—Rule to strike off.*

2. Judgment entered upon an informal writing, purporting to be a confession of judgment against a corporation with waiver, etc., should be stricken off as being irregular upon its face, where an inspection of the instrument shows that it does not bear the corporate seal, and that it was signed by the vice-president, without any apparent authority to act for the corporation.

Argued March 8, 1922. Appeal, No. 38, March T., 1922, by defendant, from judgment of C. P. Lackawanna Co., June T., 1921, No. 307, refusing to make absolute rule to show cause why judgment should not be stricken off, in the case of Rev. Julius Hamborsky v. Magyar Presbyterian Church. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and LINN, JJ. Reversed.

Rule to strike off judgment. Before NEWCOMB, J.

Judgment was entered as by confession upon an instrument whereof the following is a copy:

"$1169.50      May 3, Scranton, Pa., 1921.

"On demand after date I promise to pay to the order of Rev. Julius Hamborsky

"Eleven Hundred sixty nine and 50/100 Dollars Without defalcation, value received, with interest.

"And further, I do hereby empower any Attorney of any Court of Record within the United States or elsewhere, to appear for me and after one or more declarations filed, confess judgment against me as of any term for the above sum with Costs of suit and Attorney's commission of 5 percent. for collection and release of all errors, and without stay of execution and inquisition and extension upon any levy on real-estate is hereby waived, and condemnation agreed to and the exemption of personal property from levy and sale on any execution hereon, is also hereby expressly waived, and no benefit of exemption be claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

519, (1922).]    Statement of Facts—Arguments.

"Witness the hand and seal of the Magyar Presbyterian Church, Scranton, Pa.

> "By: Gregory Sandor,
> "Vice President, Board of
> > "Trustees.

"Endorsed as follows:

"This note is a valid obligation given to the payee as security for salary and loans to the said church.

> "Alex Kidisko, Louis Fent,
> "Vajda Joseph, George Hudaz,
> "Hiliak Gregory, George Sandor."

Upon petition to strike off the judgment so entered, a rule to show cause why the same should not be stricken off was granted. The court below modified the rule to stand as a rule to open the judgment, and made it absolute as modified. Both the plaintiff and the defendant appealed.

The present appeal is that of the defendant.

*Error assigned* was the refusal to make absolute the rule to show cause why the judgment should not be stricken off.

*William J. Hand,* and with him *C. A. Battenberg,* for appellant.—Where judgment is entered without authority, it is no judgment as affecting the rights of the defendant: Bryn Mawr Nat. Bank v. James, 152 Pa. 364; Gottlieb v. Middleberg, 23 Pa. Superior Ct. 525.

Where want of authority appears on the face of the paper, the judgment should be stricken off, and not opened: Allen v. Krips, 119 Pa. 1.

*A. A. Vosburg,* and with him *W. B. Landis,* for appellee.—A judgment, regular on its face, will not be stricken off: Davidson v. Miller, 204 Pa. 223; Baker v. Singer Mfg. Co., 122 Pa. 363; Germantown Brewing Co. v. Booth, 162 Pa. 100; Althouse v. Humsberger, 6 Pa. Superior Ct. 160.

An executive officer is presumptively clothed with authority to give a note for a corporation: Wanner v. Emmanuel's Church, 174 Pa. 466.

OPINION BY LINN, J., April 17, 1922:

This is an appeal from the refusal to strike off a judgment. It was entered by confession in an informal instrument of which a copy appears in the reporter's statement of the case. On defendant's petition to strike off the judgment, the court granted a rule to show cause. An answer was filed by the plaintiff. The case was heard on petition and answer. Instead of discharging the rule or making it absolute, the learned court converted it into a motion to open the judgment as appears by the following order made: "The rule to show cause is accordingly modified to stand as a rule to open the judgment and is thereupon made absolute. An issue to determine its validity is awarded in which the note shall stand as plaintiff's declaration and the petition to strike off as defendant's plea."

Neither plaintiff nor defendant assented to the change in procedure made by the court, so that accordingly we have two appeals, one by the defendant to No. 38, March Term, 1922, complaining that its rule was not made absolute, and the other by plaintiff to No. 24, March Term, 1922, complaining that the rule was not discharged. The two appeals were argued together and shall be determined in one opinion.

A rule to strike off a judgment is a common law proceeding; the procedure to open is equitable. The function of each is clearly stated in many decisions, though the two are not only frequently confused in practice but occasionally one is permitted to perform the function of the other. This usually occurs because no point is made of the matter, both parties apparently preferring decision of essentials on the record as presented (compare Stevenson v. Virtue, 13 Pa. Superior Ct. 103, 108, with Spiese v. Shee, 250 Pa. 399). Where, however, as the

present appeals indicate, parties insist upon disposition of the motion to strike off in strict accordance with its prayer, we must so consider it and inspect the record to ascertain whether any irregularity or insufficiency appears thereon.

On March 10, 1921, the instrument quoted in the reporter's statement was filed with the prothonotary of the court below, and pursuant thereto, judgment was entered against the Magyar Presbyterian Church, appellant. On March 24, 1921, on defendant's petition, averring inter alia that inspection showed that the instrument was not executed by the proper executive officers, or under the corporate seal, or with authority of the corporation, the rule to strike off was granted. In its opinion making the order complained of, the learned court below said that averments in the petition and answer made the validity of the judgment depend upon the authority of the person who executed the instrument on which judgment was entered, and that accordingly an issue triable by jury was presented, requiring the order made and appealed from.

If the judgment were regular on its face, it would of course be immaterial in this proceeding whether or not an issue of fact was made in the petition and answer, for matters outside the record cannot be made the basis of striking off a judgment against objection: Spiese v. Shee, supra. Concerning the instrument upon which the judgment was based, the learned court however said: "Judgment d. s. b. was entered ostensibly by confession in a promissory note of a church congregation by hand of one describing himself as vice-president of its board of trustees. It may at least be doubted whether there is any presumption of authority in such official to so bind either the congregation or its property. Hence, if counsel had contented himself with the prima facies of the case, as so presented of record, he might have been entitled to the specific relief asked for."

We agree, that not only is there no presumption of authority, but that an inspection of the instrument shows such absence of authority as makes the judgment invalid and requires that the rule be made absolute. The instrument is obviously incomplete; it purports to be executed under "the hand and seal of the Magyar Presbyterian Church, Scranton, Pa.," but no seal is affixed; the signature, "Gregory Sandor, Vice President, Board of Trustees," adds nothing by way of prima facie proof of authority; the instrument not only contains a confession of judgment but releases errors, waives stay of execution and inquisition, etc., as well as exemption of personal property from levy and sale on execution; it is obviously not an ordinary but an extraordinary transaction of a character not usually performed by any officer. While it has been held that a contract executed in the name of a corporation, signed by its president and secretary, with the corporate seal affixed thereto, is presumed to be the act of the corporation: Turnpike Company v. Pass. Ry. Co., 194 Pa. 144, 148, we have been referred to no authority and have found none permitting us to hold that an informally executed paper, such as is before us, can sustain the judgment entered by the prothonotary pursuant thereto: see Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Stokes v. New Jersey Pottery Co., 48 New Jersey Law 237.

The order is reversed, the record remitted with instructions to reinstate the rule to strike off the judgment and to make the rule absolute.

