396 A.2d 642

**BAEDERWOOD SHOPPING CENTER, INC., Appellant,**

**v.**

**ST. GEORGE & CO., INC., Appellee.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Dec. 22, 1978.

---

Andrew Mutch Knowlton, Philadelphia, for appellant.

Robert A. Ebenstein, Philadelphia, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from an order striking a judgment entered by confession.

Appellant and appellee entered into a lease of a store in the Baederwood Shopping Center, Baederwood, Montgomery County. The lease was dated April 22, 1974, and was to run from May 1, 1974, to April 30, 1977. Appellee was to pay appellant a base monthly rent of $2,083.33, and was to pay as "additional rent" sewer rent charges, parking charges, late charges, and increases in real estate taxes over a set base level. The lease contained a confession of judgment clause, as follows:

13. If the rent or rent treated as if in arrears and/or any charges herein reserved as rent shall remain unpaid on any day on which the same ought to be paid, Lessee hereby empowers and Prothonotary or attorney of any Court of record to appear for Lessee in any and all actions which may be brought for said arrears of rent or rent treated as if in arrears or charges therein payable as rent,

and/or to sign for Lessee an agreement for entering in any competent Court an amicable action or actions in assumpsit for the recovery of such arrears of rent or rent treated as if in arrears or other charges or expenses, as aforesaid and in said suits or in said amicable action or actions to confess judgment against Lessee for all arrears of rent or rent treated as if in arrears or other charges therein payable as rent or expenses as aforesaid, and for interest and costs, together with an attorney's commission of 5%. Such authority shall not be exhausted by one exercise thereof, but judgment may be confessed as aforesaid from time to time as often as any of said rent or rent treated as if in arrears and/or other charges herein payable as rent or expenses as aforesaid shall fall due or be in arrears, and such powers may be exercised as well after the expiration of the original term and/or during and after any extension or renewal of this lease.

The lease specified further that "[n]o determination of this lease or the taking or recovering of the premises shall deprive Lessor of any of its remedies or actions against Lessee for rent then due or which would thereafter come due as if there had been no determination of this lease or recovery of the premises, or for damages or for the breach of any covenant herein contained, . . ." (Record at 7a).

Early in 1976, appellee decided to sell its business and asked appellant to terminate the lease, part of the premises to be leased to appellee's purchaser, one David S. Zenstein, and the remainder of the premises to be let to Town and Country Meat Markets of Baederwood, Inc. On January 30, 1976, appellant wrote a letter to appellee, stating that "[t]his will confirm our agreement that the [April 22, 1974] lease will be terminated effective February 15, 1976 in view of our entry into a new lease for a portion of the premises with David S. Zenstein and a lease for another portion of the premises with Town and Country Meat Market of Baederwood, Inc." Record at 16a. The letter went on to state that "[n]otwithstanding the new leases, until time when rental is

to commence under the Town and Country Meat Market of Baederwood, Inc. lease, you [appellee], Mr. Zenstein and Town and Country have agreed that rental is to be paid to us at the rate of Twenty-five Thousand ($25,000.00) Dollars per year, plus taxes and parking lot charges per your existing lease." Record at 16a.

Zenstein took possession of his part of the premises and paid rent of $1,500 per month for the period February 15 to April 15. Town and Country took possession of its part of the premises and began payment of rent on April 15, 1976. Appellee failed to pay the rent due February 1, nor did it pay any amount toward the rent due thereafter. Appellant gave appellee two written notices of default, and on July 21, confessed judgment against appellee for $7,768.42. This amount was calculated as follows: Rental—February to April 15, 1976—$5,208.30; Parking charges for 1975—$1,-180.16; Parking charges January 1 to April 15, 1976—$344.75; Real Estate Taxes for 1975—$2,513.72; Real Estate Taxes for January 1 to April 15, 1976—$735.00; Sewer rent for January 1 to April 15, 1976—$42.49; Late charges to July 1, 1976—$374.00; Attorney's fee—$370.00. Subtotal: $10,768.42; Minus credit for rent paid by Zenstein—$3,000.00. Total = $7,768.42. Record at 2a. Appellee received notice of the judgment on August 2 and filed a petition to open the judgment on September 8. The petition alleged, among other things, that:

6. The Confession clause was invalid once the lease was terminated so that the Confession of Judgment was improper.

7. A part of the monies for which judgment was confessed allegedly accrued after February 16, 1976, when defendant had no obligations under the lease agreement.

8. The warrant of attorney only applied to funds due and owing pursuant to the lease.

9. Defendant has a meritorious defense in that it had no responsibility to make full payments after February 15, 1976.

On June 28, 1977, the lower court entered an order striking the judgment. The court's opinion stated that appellee had shown a meritorious defense with respect to charges accruing after February 16, 1976, and that the part of the judgment consisting of those charges should be opened. The opinion went on to state that "since confession of these charges was not specifically authorized in the warrant of attorney . . . [t]his Court is compelled to strike the [entire] judgment obtained *sua sponte*." Slip opinion at 6.

Appellant's first argument is that the lower court erred in striking the judgment where appellee had only petitioned to open it. We find considerable merit in this argument.

There is a significant body of Pennsylvania case law holding that a judge who is confronted by a petition to strike a confessed judgment should not open the judgment *sua sponte. Florida Crab House, Inc. v. Roy P. Hake,* 259 Pa.Super. 230, 393 A.2d 801 (1978) (HESTER, J.); *Malakoff v. Zambar,* 446 Pa. 503, 507, 288 A.2d 819, 822 (1972); *Young v. Mathews Trucking Corp.,* 383 Pa. 464, 119 A.2d 239 (1956); *Hamborsky v. Magyar Presbyterian Church (No. 1),* 78 Pa. Super. 519 (1922). It is perhaps less clear whether a judge confronted by a petition to open, as here, should strike the judgment *sua sponte.* However, in *Kros v. Bacall Textile Corp.,* 386 Pa. 360, 364 n. 1, 126 A.2d 421, 423 n. 1 (1956), the Supreme Court stated that it was "extremely doubtful" whether the judge may strike a judgment *sua sponte.* In *Roselon Industries, Inc. v. Associated Knitting Mills,* 221 Pa.Super. 8, 289 A.2d 239 (1972), we were confronted by a situation in which an improper judgment had been entered against the appellee. The appellee had filed a petition to open the judgment, which the lower court had granted. We affirmed, noting that while there were valid grounds to strike the judgment, "the instant proceeding . . . was brought on appellee's petition to *open* the judgment, and there was no separate pleading asking that the judgment be stricken." 221 Pa.Super. at 11, 289 A.2d at 241.

We see no reason why a judge should be permitted to strike a confession judgment *sua sponte.* As the Supreme

Court observed in *Kros v. Bacall Textile Corp., supra,* to allow a judge to convert a motion to strike into a petition to open would give the obligor only partial, temporary, relief instead of the complete, final, relief sought. To permit a judge to convert a petition to open into a motion to strike would work an equally troublesome injustice. Here, appellant went to court thinking that at most the proceeding would result in an opening of the judgment. Had it realized that it might be faced with the task of rebutting a motion to strike, it might have prepared differently. This court has repeatedly stressed that "[a] petition to strike off a judgment is a different remedy than a petition to open a judgment; the two are not interchangeable. [Citations omitted.] A petition to strike is proper when one complains of irregularities appearing on the face of the record. [Citations omitted.] On the other hand, an application to open the judgment is appropriate where the alleged irregularity is a matter dehors the record and where evidence relating to the cause of action must be introduced to support the application." *Matlock v. Lipare,* 243 Pa.Super. 167, 170–71, 364 A.2d 503, 504 (1976).

In addition, a *sua sponte* conversion of the nature of the proceeding does not comport with Pa.R.Civ.P. 2959. Pa.R. Civ.P. 2959(a) provides: "Relief from a judgment by confession shall be sought by petition. All grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition," and Pa.R.Civ.P. 2959(c) provides: "A party waives all defenses and objections which he does not include in his petition or answer." To allow the hearing judge to strike a judgment *sua sponte,* would subvert the policy thus expressed, that all grounds for attacking a judgment must be raised in a single proceeding.

The order of the lower court is vacated and the judgment reinstated. The matter is remanded to the lower court with instructions to treat appellee's petition as a petition to open the judgment. The lower court may request the parties to

give additional testimony or it may rely on the record as it presently stands.

HOFFMAN, J., did not participate in the consideration or decision of this case.