421 A.2d 246

**Helen J. KOPHAZY, Appellant,**

**v.**

**Richard E. KOPHAZY and Karen M. Kophazy, his wife.**

Superior Court of Pennsylvania.

Argued March 10, 1980.

Filed July 11, 1980.

Ronold J. Karasek, Bangor, for appellant.

Nicholas Noel, III, Bethlehem, for appellees.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from an order opening a default judgment. The question presented is whether a judge may treat a petition to strike a judgment as a petition to open a judgment.

On or about May 3, 1977, a complaint in assumpsit was filed by Helen Kophazy against Richard Kophazy and his wife, Karen Kophazy, alleging that they had failed and refused to repay two loans totaling $10,735. The record indicates that the complaint was served on both defendants. No answer or entry of appearance was filed by Karen Kophazy, and on January 19, 1979, a default judgment was entered against her. On February 13, 1979, she filed a petition to strike the default judgment, alleging that she had not been properly served with the complaint, since

service was only personally made on her husband at the marital residence, after she had separated from him and moved away. In support of this claim she attached a sheriff's record of service indicating that the complaint had been personally handed to her husband but not to her. After depositions and briefs, the lower court, on July 10, 1979, issued an opinion and order. By its opinion and order the lower court *sua sponte* converted the petition to strike into a petition to open the judgment, and opened the judgment. Helen Kophazy then took this appeal.

A petition to strike a judgment differs from a petition to open a judgment. Although the difference has been stated many times in the cases, it apparently bears restating.

■ A petition to strike a judgment is a common law proceeding, *Hamborsky v. Magyar Presbyterian Church,* 78 Pa.Super. 519, 522 (1922), and operates as a demurrer to the record, *Advance Building Services Co. v. F. & M. Schaefer Brewing Co.,* 252 Pa.Super. 579, 582 n.3, 384 A.2d 931, 932 n.3 (1978), *citing, Master Homecraft Co. v. Zimmerman,* 208 Pa.Super. 401, 222 A.2d 440 (1966). Thus, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters dehors the record will not be considered, and if the record is self–sustaining, the judgment will not be stricken. *Cameron v. Great Atlantic and Pacific Tea Co.,* 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969); *Liquid Carbonic Corp. v. Cooper & Reese, Inc.,* 272 Pa.Super. 462, 416 A.2d 549 (1979); *Advance Bldg. Services Co. v. F. & M. Schaefer Brewing Co., supra; Metropolitan Federal Savings & Loan Ass'n of Eastern Pennsylvania v. Bailey,* 244 Pa.Super. 452, 368 A.2d 808 (1976); *Policino v. Ehrlich,* 236 Pa.Super. 19, 345 A.2d 224 (1975).

■ A petition to open a judgment is an appeal to the court's equitable powers and is a matter for judicial discretion. *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973); *Hamborsky v. Magyar Presbyterian Church, supra.* In considering a petition to open a judg-

ment, the court may consider matters dehors the record. *See Matlock v. Lipare,* 243 Pa.Super. 167, 170–71, 364 A.2d 503, 504 (1976). Ordinarily, a petition to open a judgment will not be granted unless three factors coalesce: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." *McCoy v. Public Acceptance Corp., supra* 451 Pa. at 498, 305 A.2d at 700; *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971); *Liquid Carbonic Corp. v. Cooper & Reese, Inc., supra; Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577 (1979); *Queen City Electrical Supply Co., Inc. v. Soltis Elec. Co., Inc.,* 258 Pa.Super. 305, 392 A.2d 806 (1978); *Day v. Wilkie Buick Co.,* 239 Pa.Super. 71, 361 A.2d 823 (1976).[1]

In the present case the lower court recognized the difference between a petition to strike a judgment and a petition to open a judgment, for in its opinion it observed that in challenging the judgment, Karen Kophazy relied on matters dehors the record. The court implied that if it were to confine itself to the record, it would find no defect and would therefore deny the petition to strike; thus the court stated that "[i]n the case at bar, the service made on this wife–defendant was valid and enforceable on its face." Reproduced Record at 12. However, the court did not enter

1. As to the necessity of pleading a meritorious defense in an action in trespass as opposed to an action in assumpsit, *see Balk v. Ford Motor Co., supra; Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Brooks v. Surman Dental Lab, Inc.,* 262 Pa.Super. 369, 396 A.2d 799 (1979); *Maruccio v. Houdaille Industries, Inc.,* 254 Pa.Super. 560, 386 A.2d 91 (1978); *Schutte v. Valley Bargain Center, Inc.,* 248 Pa.Super. 532, 375 A.2d 368 (1977). As to the proper considerations where the claim is that there has been invalid service of process and that the court lacked jurisdiction to enter the judgment, *see Johnson v. Atlas Van Lines,* 274 Pa.Super. 253, 418 A.2d 392 (1980); *Liquid Carbonic Corp. v. Cooper & Reese, Inc., supra; Cobb v. Gray,* 269 Pa.Super. 267, 409 A.2d 882 (1979); *Taylor v. Humble Oil & Refining Co.,* 221 Pa.Super. 394, 292 A.2d 481 (1972). As to whether judgment entered by confession should be opened, *see* Pa.R.Civ.P., No. 2959(e) ("[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment."); *Edward Bershad Co. v. Babe's Bar, Inc.,* 254 Pa.Super. 477, 386 A.2d 50 (1978).

an order denying the petition to strike. Instead, it expressed its "concern[ ]" about the wife–defendant's failure to file a petition to open, *id.*; found that the evidence dehors the record would warrant granting a petition to open; and entered an order that *sua sponte* converted the petition to strike into a petition to open the judgment, and opened the judgment.

It has been stated that a court should not *sua sponte* convert a petition to open a judgment into a petition to strike a judgment. *See Grant Bldg. Co. v. Ivanciw,* 266 Pa.Super. 395, 404 A.2d 1348 (1979); *DeFeo v. Mac Intyre,* 265 Pa.Super. 95, 401 A.2d 818 (1979); *Baederwood Shopping Center v. St. George & Co.,* 262 Pa.Super. 55, 396 A.2d 642 (1978); *Melnick v. Hamilton,* 87 Pa.Super. 575 (1926). *Cf. Roselon Industries, Inc. v. Associated Knitting Mills,* 221 Pa.Super. 8, 289 A.2d 239 (1972) (while grounds would support a petition to strike the judgment, the petition only requested that the judgment be opened; an order opening judgment will not be transformed into an order striking judgment). Similarly, it has been stated a court should not *sua sponte* convert a petition to strike a judgment into a petition to open. *See Malakoff v. Zambar,* 446 Pa. 503, 288 A.2d 819 (1972); *Kros v. Bacall Textile Corp.,* 386 Pa. 360, 126 A.2d 421 (1956); *Young v. Mathews Trucking Corp.,* 383 Pa. 464, 119 A.2d 239 (1956); *J. F. Realty Co. v. Yerkes,* 263 Pa.Super. 436, 398 A.2d 215 (1979); *Hamborsky v. Magyar Presbyterian Church, supra.*

One possible explanation of these statements prohibiting *sua sponte* conversion is that since the petition to strike is an action at law and the petition to open is equitable, *see, Hamborsky v. Magyar Presbyterian Church, supra,* the court lacks the power to transform itself *sua sponte* from a court of law into a court of equity, or the other way round, as the case may be. This explanation is not satisfactory, however. Our rules require the joinder of the two actions in cases in which relief from a judgment by confession is sought. *See* Pa.R.Civ.P., No. 2959(a). Also, our courts have permitted conversion where the parties have agreed or where there has

been an amendment of the petition in the court below. *See Goldstein v. Graduate Hospital,* 441 Pa. 179, 181, 272 A.2d 472, 473 (1971) (oral amendment to petition); *St. Vladimir Ukranian Orthodox Church v. Preferred Risk Mutual Ins. Co.,* 239 Pa.Super. 492, 494 n.1, 362 A.2d 1052, 1054 n.1 (1976) (court and parties below considered petition as one to open judgment).

The better explanation of the prohibition against *sua sponte* conversion is that given the difference between the two actions, the conversion may be unfair to the party attempting to preserve the judgment. Since the petition to open concerns different matters than does the petition to strike, a party prepared to contest a petition to strike may be unprepared to contest a petition to open. Conversely, as this court explained in *Baederwood Shopping Center v. St. George & Co., supra* :

> To permit a judge to convert a petition to open into a motion to strike would work an equally troublesome injustice. Here, appellant went to court thinking that at most the proceeding would result in an opening of the judgment. Had it realized that it might be faced with the task of rebutting a motion to strike, it might have prepared differently.

*Id.* 262 Pa.Super. at 60, 396 A.2d at 644.

*And see Cox v. Felice Perri & Sons,* 412 Pa. 415, 417–18, 195 A.2d 79, 80 (1963) ("[b]y the procedure adopted, clearly and patently erroneous, Perri's counsel was precluded from contradicting by testimony the facts averred in the motion.")

■ Where the parties agree to treat a petition to strike as a petition to open, or the other way round, or where there is a motion to amend the petition from one form of petition to the other form, conversion is not improper because no problem of fair notice arises. *See Goldstein v. Graduate Hospital, supra; St. Vladimir Ukranian Orthodox Church v. Preferred Risk Mutual Ins. Co., supra; Hamborsky v. Magyar Presbyterian Church, supra* at 522 ("occasionally one [form of petition] is permitted to perform the function of the other ... because no point is made of the matter, the

parties apparently preferring decision of the essentials on the record as presented"). However, where the conversion is effected *sua sponte*, that is, on the court's own motion without prior notice, it is improper. It is the fact that the conversion is accomplished without the consent or knowledge of the party opposing the petition that constitutes the error. *See Young v. Mathews Trucking Corp., supra.*

Here, in *sua sponte* converting the petition to strike into a petition to open, the lower court relied on the Supreme Court's opinion in *Estate of McCauley*, 478 Pa. 83, 385 A.2d 1324 (1978), where the Supreme Court stated:

> We are in effect asked to view the decree appealed from as pertaining to a motion to open rather than a motion to strike a judgment, and, so doing, to affirm. It is true that there is some authority for the proposition that a court may in a proper case treat a motion to strike as though it were a motion to open. *See Whatley v. Baynard*, 437 Pa. 498, 264 A.2d 721 (1970); *Mazer v. Sargent Electric Co.*, 407 Pa. 169, 180 A.2d 63 (1962); *Blank & Gottschall Co. v. First National Bank*, 355 Pa. 502, 50 A.2d 218 (1947). *Id.*, 478 Pa. at 87–88, 385 A.2d at 1326.

The lower court's reliance on *McCauley* was misplaced, for while the Court in *McCauley* did make the general statement just quoted, which read alone does tend to support the lower court's opinion that *sua sponte* conversion is permitted, an examination of the facts of *McCauley* and the cases cited in it does not justify that opinion. In *McCauley*, and in two of the three cases cited therein, *Mazer v. Sargent Electric Co.*, and *Blank & Gottschell Co. v. First National Bank*, the Court merely considered petitions to strike as petitions to open *arguendo*, refusing to disturb the lower court's order either way. Thus, in none of these cases was relief granted, as it was by the lower court in the present case, on a petition that had not been filed. In *Whatley v. Baynard*, the other case cited in *McCauley*, the Court reversed the lower court's order striking the judgment; although the Court stated that the evidence presented could have supported a petition to open the judgment, instead of

*sua sponte* converting the proceeding into a proceeding on a petition to open and then granting relief, the Court remanded the case to the lower court. Thus in *Whatley* the Supreme Court reached the same result it had reached in *Young v. Mathews Trucking Corp., supra.* In *Young*, after holding that the lower court erred in *sua sponte* converting a petition to strike into a petition to open, the Court remanded the case so that the appellee could file a petition to open within twenty days. It is therefore apparent that neither *Whatley* nor *Young* supports *sua sponte* conversion without notice; indeed, by remanding, the Court insisted upon notice, for it thereby afforded the opposing party the opportunity to contest the merits of the petition to open. *And see J. F. Realty Co. v. Yerkes, supra* (lower court struck judgment when evidence at most raised grounds for opening; the appellate court will not treat the petition as one to open; case remanded for further proceedings).

We therefore hold that a lower court commits error when it *sua sponte* converts a petition to strike a judgment into a petition to open a judgment and grants relief without first giving the opposing party the opportunity to contest the petition to open as a petition to open. Since that is what the lower court did here, its order must be reversed.

We recognize that in a given case, a lower court may be confronted with a situation where it believes, as did the lower court in the present case, that a party attempting to have a judgment stricken should instead be attempting to have it opened. Nevertheless, that belief does not justify the court in *sua sponte* ordering a conversion of the proceeding, and then granting relief on the petition as changed by the court. We also recognize that there is authority for a court ignoring mistakes in a caption where the body of the motion or petition conforms to the applicable rule and no real prejudice occurs. *See Pomerantz v. Goldstein*, 479 Pa. 175, 387 A.2d 1280 (1978) (exceptions filed under caption of motion for new trial). Perhaps a case will arise where a petition is captioned as a petition to strike but the body of the petition makes it plain that it is in fact a petition to

open. Even assuming such a case, however, there is still the possibility that the opposing party has not exerted much effort in 'contesting the evidence dehors the record on the justifiable assumption that that evidence is irrelevant to a petition to strike the judgment.

The respective responsibilities of counsel and of the court are clear, and distinct. Initially, counsel must decide whether a petition to strike or a petition to open is the appropriate form of petition, and then the court must rule on the petition as counsel files it. If, as for example occurred here, opposing counsel claims that as filed, the petition should be denied, other responsibilities arise. Petitioner's counsel must decide whether opposing counsel is, or may be correct; if he is, or may be, correct, petitioner's counsel should either move to amend the petition as filed or file another petition. For example: it may be clear that opposing counsel is correct, in which event petitioner's counsel should move to amend a petition to strike so as to convert it into a petition to open; or petitioner's counsel may remain of the opinion that the appropriate form of petition is a petition to strike, but recognizing the force of opposing counsel's claim, he may as a precaution in addition file a petition to open. Other examples might be supposed. The point is that the court's responsibility is to make its decision in response to the issues as framed by counsel, and not in response to a petition never filed by counsel but created by the court. In making these observations we do not mean to inhibit the court in the exercise of its good conscience. If, however, in the exercise of its good conscience the court believes that it should express the opinion that the form of petition is inappropriate, it should be careful to ensure that the opposing party is given fair notice, which is to say, fair opportunity to preserve the judgment, should petitioner's counsel, in response to the court, either move to amend the petition or file another petition.

The question remains whether, as was done in *Young v. Mathews Trucking Co., supra,* and *Whatley v. Baynard, supra,* we should remand this case so that the lower court

could consider the petition to strike as a petition to open. We have concluded that we should not remand. No remand has been requested. Moreover, remand would create uncertainty. It would be seen that by remanding, we had rewarded, or had at least declined to penalize, pleading and procedure that we had condemned. This inconsistency would prompt the question, "If they meant what they said about the differences between a petition to strike and a petition to open, and about fair notice and opportunity to defend, why didn't they reverse?" Since we do mean what we say, we shall reverse.[2]

The order of the lower court converting the petition to strike into a petition to open, and opening the judgment, is reversed, and the judgment is reinstated.

**2.** We shall not comment on the correctness of the implication in the lower court's opinion that the petition to strike should be denied, for the court did not enter any order in response to the petition either denying or granting it. The petition to strike therefore remains before the court, undecided, and on motion of either party, the court should decide it. The party against whom the petition to strike is decided may then file a new appeal to this court. We shall also not comment on the correctness of the lower court's belief, also expressed in its opinion, that the evidence dehors the record would warrant a petition to open being granted, for no petition to open has been filed.