504 A.2d 937

Leo CLYMIRE and Rita Clymire, his wife

v.

David L. McKIVITZ, Robert McKivitz and Jeanne M.
McKivitz, and Household Finance Consumer
Discount Company.

**Appeal of Rita CLYMIRE.**

Superior Court of Pennsylvania.

Argued Oct. 31, 1985.

Filed Feb. 3, 1986.

Gilbert H. Ludwig, McKeesport, for appellant.

Alden E. Bowen, Pittsburgh, for David McKivitz, appellee.

Thomas J. Michael, Pittsburgh, for McKivitz, appellees.

Before WIEAND, DEL SOLE and HESTER, JJ.

WIEAND, Judge:

This is an appeal from an order striking a default judgment entered against David L. McKivitz. The judgment was entered after McKivitz had failed to answer a complaint filed against him and his parents by Leo and Rita Clymire. We agree that the record does not support the default judgment and, therefore, affirm.

On June 1, 1984, Leo and Rita Clymire, husband and wife, caused a summons in equity to be issued against David L. McKivitz, Robert McKivitz and Jeanne M. McKivitz. The summons was served by Joseph Panucci, Sr., an adult person, who, on June 18, 1984, handed a copy of the writ of summons "to Robert McKivitz, an adult person and being one of the Defendants and a member of the family with which said Defendants reside." Panucci, according to his affidavit, left additional copies with Robert McKivitz for the other two named defendants. On August 2, 1984, an appearance was entered on behalf of Robert and Jeanne McKivitz. No appearance, however, was entered on behalf of David L. McKivitz. A multi-count complaint was filed by the Clymires on August 31, 1984. In this complaint they alleged, inter alia, that David McKivitz was indebted to them on a promissory note given in payment of the purchase price of a tract of real estate which McKivitz had purchased from them and subsequently conveyed to his father, Robert McKivitz. The latter, in turn, had allegedly placed title in the names of himself and his wife as tenants by the entireties, all before the promissory note had been

paid by David McKivitz or reduced to judgment. The complaint, although endorsed with a notice to plead, did not contain a notice to defend as required by Pa.R.C.P. 1018.1. The record also does not disclose that the complaint was ever served on David L. McKivitz.

On September 21, 1984, preliminary objections were filed on behalf of Robert and Jeanne McKivitz.[1] No pleading, however, was filed on behalf of David McKivitz. On November 19, 1984, the Clymires caused a default judgment to be entered against David McKivitz for failure to file an answer.[2] Pursuant to praecipe, the prothonotary assessed damages on the second count of the complaint in the amount of $6,087.50. Damages on the third and fourth counts were to be determined by the court after hearing.

On December 6, 1984, David McKivitz filed a petition to strike the default judgment which had been entered against him. He alleged that the judgment was defective because (1) the complaint had not been endorsed with a notice to defend; (2) because he had not been served with a copy of the complaint; and (3) because he had not been a member of his parents' household when the summons had been served upon his father, Robert McKivitz. Following argument, the trial court sustained the petition and struck the default judgment. The Clymires appealed. After an appeal had been filed, the trial judge prepared and filed an opinion in which he stated that his reason for striking the judgment had been that the record did "not show that David McKivitz was personally served with the writ of summons and does not show his residence...."

The law pertaining to the striking of judgments was reviewed in *Kophazy v. Kophazy*, 279 Pa.Super. 373, 421 A.2d 246 (1980) as follows:

1. These preliminary objections were dismissed by the trial court on November 1, 1984.
2. The praecipe for judgment contained a copy of a notice of intention to enter default judgment, the original of which allegedly had been directed to David McKivitz at the home of his parents, Robert and Jeanne McKivitz.

A petition to strike a judgment is a common law proceeding. *Hamborsky v. Magyar Presbyterian Church,* 78 Pa.Super. 519, 522 (1922), and operates as a demurrer to the record, *Advance Building Services Co. v. F. & M. Schaefer Brewing Co.,* 252 Pa.Super. 579, 582 n. 3, 384 A.2d 931, 932 n. 3 (1978), citing, *Master Homecraft Co. v. Zimmerman,* 208 Pa.Super. 401, 222 A.2d 440 (1966). Thus, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters dehors the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. *Cameron v. Great Atlantic and Pacific Tea Co.,* 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969); *Liquid Carbonic Corp. v. Cooper & Reese, Inc.,* 272 Pa.Super. 462, 416 A.2d 549 (1979); *Advance Bldg. Services Co. v. F. & M. Schaefer Brewing Co., supra; Metropolitan Federal Savings & Loan Ass'n of Eastern Pennsylvania v. Bailey,* 244 Pa.Super. 452, 368 A.2d 808 (1976)....

*Id.,* 279 Pa.Superior Ct. at 375, 421 A.2d at 247. See also: *Parliament Industries, Inc. v. William H. Vaughan & Co.,* 501 Pa. 1, 8, 459 A.2d 720, 724 (1983); *Haggerty v. Fetner,* 332 Pa.Super. 333, 343, 481 A.2d 641, 646 (1984); *Ruehl v. Maxwell Steel Co.,* 327 Pa.Super. 39, 42, 474 A.2d 1162, 1163 (1984); *Podolak v. Artisan's Valve Repair, Inc.,* 323 Pa.Super. 232, 234, 470 A.2d 567, 567 (1983).

■ The record in this case is fatally defective. In the first place, the record does not disclose that the complaint was ever served upon the appellee, David L. McKivitz. Assuming, without deciding, that the summons was properly served upon him by leaving a copy thereof with his father, that service, i.e., of the writ of summons, did not excuse the need to serve the complaint after it had been filed. A writ of summons is "only a simple notice to the defendant that the plaintiff has instituted suit against him and that the defendant is 'required to defend or a default judgment may be entered against' him. [It] does not create a judgment by default for want of an appearance. The

default judgment may be entered ... only as authorized by Rule 1037.... Indeed, [the service of a writ of summons] imposes no duty whatever upon the defendant until the plaintiff files *and serves* his complaint, to which the defendant will be required to plead, if it is properly endorsed." 1 Goodrich-Amram 2d § 1007:4. (emphasis added). The record in this case does not disclose that the complaint was ever served upon David McKivitz.[3] This is a fatal defect.

■ Appellees' default judgment against David McKivitz is also defective because the complaint failed to contain a notice to defend as required by Pa.R.C.P. 1018.1. Where, as here, the complaint does not contain a notice to defend, the defendant is under no obligation to file an answer, and a default judgment for want thereof is not authorized. Pa.R. C.P. 1037(b). See also: *Hutchko v. Coll,* 103 Montg.Co.L. Rep. 235, 237 (1977). Cf. *Lewandowski v. Crawford,* 208 Pa.Super. 365, 222 A.2d 601 (1966).

In view of appellants' failure to serve upon appellee a complaint containing a notice to defend, the default judgment for failure to file an answer is defective, and the trial court properly caused it to be stricken. In view of these defects, which are apparent on the face of the record, it is unnecessary to consider appellee's objection that the writ of summons was improperly served upon him by leaving a copy for him at the home of parents with whom he did not reside. We observe, however, that if service of the writ of

**3.** The manner of service is established by Pa.R.C.P. 1027 as follows: A party filing a pleading, other than a complaint by which an action is commenced or a complaint used as alternative process as provided by Rule 1010(e), shall forthwith serve it on every other party
   (1) by leaving a copy for or mailing a copy to him at the address endorsed on an appearance or prior pleading of the party, but *if there is no such endorsement, then*
   (2) *by leaving a copy for or mailing a copy to him at the residence or place of business of the party* or the address of the party's attorney of record, but if there is no such residence or place of business and no attorney of record, then
   (3) by leaving a copy for him with the prothonotary of the court in which the action was commenced for the use of the other party. (emphasis added).

summons was improper for this reason, the defect is not apparent on the face of the record.

■ Our decision is based upon defects apparent from the face of the record and does not depend upon facts dehors the record. Therefore, any deficiency in the verification attached to appellee's petition to strike is of no consequence.[4] Verification of a petition is required only where the petition contains allegations of fact which do not already appear of record. Pa.R.C.P. 206.

Order affirmed.

---

4. The verification attached to appellee's petition to strike the judgment was signed by appellee's attorney. In reliance upon Pa.R.C.P. 1002, which suggests that verification by a party's attorney is not authorized, appellants filed preliminary objections to appellee's petition to strike. These preliminary objections were dismissed by the trial court.