J-A19040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUZANNE MOUNTNEY AND JACK MOUNTNEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1754 EDA 2020 |
| EVERCLEAR ROOF & RESTORATION AND RICHARD ECKERT | : | |
| | : | |

Appeal from the Order Entered August 10, 2020
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2006-26625

BEFORE: DUBOW, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:          **FILED OCTOBER 26, 2021**

Suzanne Mountney and Jack Mountney (collectively, "Appellants") appeal from the order granting judgment on the pleadings in the Court of Common Pleas of Montgomery County, which simultaneously resulted in a judgment being entered in favor of Everclear Roof & Restoration and Richard Eckert (collectively, "Appellees") as well as a dismissal of the Appellants' amended complaint. On appeal, the Appellants, having originally obtained a default judgment, chiefly challenge whether the lower court erroneously granted the Appellees' petition to strike judgment when such a grant inextricably led to the court's ruling in the appealed-from order. Through our thorough review of the record, specifically at the moment when the default

_____

* Retired Senior Judge assigned to the Superior Court.

judgment was entered, we conclude that there was no facially apparent defect or irregularity. Accordingly, we are constrained to find that the lower court committed an error of law when it granted the Appellees' petition to strike and reverse.

By way of background, the Appellants filed this action in 2006, asserting a breach of contract stemming from construction work that was to be performed by the Appellees. In the corresponding complaint, the Appellants listed Appellees' principal place of business as "2813 Livingstone Street, Philadelphia, Pennsylvania." Complaint, ¶ 2. When the Appellants were apparently unable to locate the Appellees at this address, they conducted a National Crime Information Center ("NCIC") search, which generated an address of "3033 N Rorer St Philadelphia PA," but was associated with the name of Mark Eckert. Affidavit of Service, at 2 (NCIC report) (some capitalization altered).

Armed with that address, Appellants hired Larry McKnight, identified as a process server/competent adult, to effectuate service of the complaint at that Philadelphia County address on Rorer Street. The notarized affidavit of service indicated that service was made by Mr. McKnight on November 18, 2006, at the Rorer Street address on a white woman in her sixties, identified in the affidavit as an "[a]dult in charge of [Richard Eckert's] residence who refused to give name or relationship." *Id*., at 1 (featuring Mr. McKnight's sworn signature).

After the Appellees failed to file an answer, the Appellants filed a

praecipe for default judgment. Thereafter, judgment was entered in their favor and against the Appellees in the amount of $85,000. The prothonotary then sent Pennsylvania Rule of Civil Procedure 236 notice to the Appellees, via mail, indicating the entry of this judgment.

Approximately seven years after the default judgment proceedings, Richard Eckert filed a petition to strike the default judgment.[1] In that petition, Eckert exclusively asserted that service on him was improper because a sheriff, or individual deputized by a sheriff, did not perform the act of serving him with process. *See* Petition to Strike, ¶¶ 8-11 (averring that a Montgomery County Local Rule requires any case proceeding in Montgomery County to have original process served by a sheriff irrespective of the county where service is effectuated). Although Eckert, in a later filing, referred to the person who received process in this case as "an unknown female," Defendant's Memorandum of Law in Support of Petition to Strike Judgment, dated 6/6/14, at 2, he provided no further development of this assertion. Ultimately, however, the court granted the Appellees' petition and correspondingly struck the default judgment.

_____

[1] The record reflects that this petition was exclusively filed by Richard Eckert. *See* Petition to Strike Judgment, at 4 (establishing in his wherefore clause that "Petitioner, Richard Eckert respectively requests that *his* Petition to Strike the Default Judgment … be [granted]") (emphasis added). However, the order denying the petition refers to the Appellees in the plural. *See* Order, 11/6/14 (indicating that "Defendants' Petition is [granted]"). While there is ambiguity over the precise legal status of Everclear Roof & Restoration and the discordant treatment of it by both Eckert and the lower court, given our determination that the petition to strike was incorrectly granted, this inconsistency is of no moment in present proceedings.

Roughly seven months later, Appellants reinstated their original complaint. Then, they filed and served an amended complaint on the Appellees via mail to a New Jersey address. Resultantly, the Appellees filed their answer, and discovery was conducted. A few years later, Appellees filed a motion for judgment on the pleadings, which was granted on the basis that the Appellants had failed to serve the Appellees within the statute of limitations. Attached to the Appellees' motion for judgment on the pleadings was a deed apparently evidencing the fact that, while Eckert did, at one point, live in the Rorer Street property, he had not done so at all times subsequent to the initial filing of the complaint.

Following this decision, Appellants filed a timely notice of appeal. In addition, the relevant parties complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925. Therefore, this matter is ripe for disposition.

The Appellants raise two issues for our review. Given our adjudication of their first issue, it inherently renders any discussion of the second issue moot. As such, we limit our analysis to the Appellants' first contention, which asserts that the lower court erred in striking the default judgment. **See** Appellants' Brief, at 4. Specifically, Appellants question whether the petition to strike default judgment solely contested improper service, and thus a defect in the record, based upon a claim that Appellants used an improper method/person to complete service. Concomitantly, Appellants believe that the trial court acted *sua sponte* in its granting of Appellees' petition by looking

beyond the record as it existed when the default judgment was entered and finding an alternative basis to conclude that service was not effectuated properly.

Preliminarily, we note that Appellees could have challenged the default judgment via a petition to strike, as they did here, a petition to open, or a petition asserting both concurrently. "A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." **Stauffer v. Hevener**, 881 A.2d 868, 870 (Pa. Super. 2005). To elaborate further, "[a] petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense; a motion to strike a judgment is the remedy sought by one who complains of fatal irregularities appearing on the face of the record." **U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters**, 163 A.3d 1019, 1027-28 (Pa. Super. 2017) (internal citations and quotation marks omitted). Our Court has repeatedly emphasized the distinction between these two responsive actions. Of note, a lower court cannot, *sua sponte*, convert a petition to strike into a petition to open, or vice versa, without giving the opposing side the ability to contest that new basis for relief. **See Kophazy v. Kophazy**, 421 A.2d 246, 250 (Pa. Super. 1980).[2]

---

[2] There is no evidence that the lower court explicitly converted the Appellees' petition to strike into a petition to open; however, the trial court does mention, in passing, a discussion that the parties had at argument over the applicability of an opening of the judgment. **See** Trial Court Opinion, 11/9/20, at 2 (unpaginated).

A petition to strike a default judgment presents the lower court with a question of law; consequently, on appeal, our standard of review is *de novo*, and our scope of review is plenary. *See Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 793 (Pa. Super. 2013).

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike the judgment may be granted only for a fatal defect or irregularity appearing on the face of the record....An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered.

*Cintas Corp. v. Lee's Cleaning Services, Inc*., 700 A.2d 915, 917 (Pa. 1997).

When deciding a petition to strike, a court does not review any of the underlying allegations contained within the complaint. Instead, "a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *Oswald*, 80 A.3d at 794. "The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed." *Continental Bank v. Rapp*, 485 A.2d 480, 483 (Pa. Super. 1984) (citation omitted). More specifically, noncompliance with the Pennsylvania Rules of Civil Procedure when attempting service of process constitutes a fatal defect. *See Cintas Corp*., 700 A.2d at 917-18.

A facially apparent fatal defect denies the prothonotary the authority to

enter judgment. **See Erie Ins. Co. v. Bullard**, 839 A.2d 383, 388 (Pa. Super. 2003). Hence, when a prothonotary enters judgment without authority, that judgment is void *ab initio*. **See id**.

We agree with Appellants' characterization that, in their petition, Appellees only contended service of process was fatally deficient because original service of process had not been made by a sheriff, which is evident from the affidavit of service. **See** Petition to Strike Judgment, ¶ 11. Stated differently, rather than asserting there was a fatal defect associated with the location where process was served or that some other element contained within the affidavit of service was legally insufficient, Appellees' petition merely attacks the method and/or title of the person used to serve the process. While it is true that Montgomery County Local Rule 400.1(b)(1)(ii) states: "[w]ith respect to all actions filed in Montgomery County, Pennsylvania, original process shall be served within the Commonwealth: by the sheriff[,]" it is equally true that the *Pennsylvania* Rule of Civil Procedure 400.1(b) identifies that for an "action commenced in any other county, original process may be served in Philadelphia County by … a competent adult."

The argument that a local rule can expressly contradict a statewide rule formulated by our Supreme Court to the detriment of a complainant is specious and can be summarily dismissed. **See, e.g.**, **Pennridge Elec., Inc. v Souderton Area Joint Sch. Auth.**, 615 A.2d 95, 102 (Pa. Super. 1992) (stating that local courts have the power to formulate their own rules that are to be equally weighted with the rules established by our Supreme Court, but

those rules cannot "abridge, enlarge, or modify substantive rights of a litigant[]").

Implicitly, the lower court found that sheriff service was not necessary to perfect service on an individual residing in Philadelphia County and also that Mr. McKnight was a "competent adult" within the meaning of the procedural rule. **See** Trial Court Opinion, 11/9/20, at 4 (unpaginated).[3] However, the court then went on to identify, beyond any rule cited by the Appellees in their petition or corresponding documents, that the Appellants "did not satisfy the prerequisites for effective service under Pa.R.C.P. Rule 402(a)." **Id**.

Pennsylvania Rule of Civil Procedure allows for original process to be served "at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence[.]" Pa.R.C.P. 402(a)(2)(i).

The court concluded that "service was not made at the principal place of business that was identified on the face of the [c]omplaint" or at the address listed on the work proposal, characterized as Eckert's residence, which was attached to the complaint. Trial Court Opinion, 11/9/20, at 5 (unpaginated). To support its finding, the court indicated that "[s]ervice was made to an unnamed woman at a residence where … Eckert had not resided since the 1980[]s." **Id**. The court continued: "[t]he residence was not owned by his

---

[3] The actual order that corresponds to Appellees' petition to strike was undersigned by another judge and contains no explanative language.

parents who had sold the property in 1989. [Eckert], therefore, had no connection with the property at the time of service." *Id*.

Our prior decisions are clear: in granting a motion to strike "a court may not consider matters which are *dehors* the record." **See, e.g.**, **Cargitlada v. Binks Mfg. Co.**, 837 A.2d 547, 550 (Pa. Super. 2003). In looking exclusively at the record at the time the default judgment was entered, we are unable to ascertain any fatal defect of record. Specifically, we are unable to uncover any applicable rule of civil procedure or existing authority that conflicts with the affidavit of service as filed in this case. Moreover, the record reflects that an affidavit of service was filled out and signed by a competent adult who served the complaint on another adult who oversaw Eckert's residence, which is expressly a way service may be effectuated in Philadelphia County.

Conversely, at the actual moment the court granted Appellees' motion to strike, there was nothing of record to establish that Eckert had no association with the property where the complaint was served. Through the deepest possible reading of the Appellees' petition and corresponding memorandum, there is not one scintilla of language dedicated to the claim that the Rorer Street address was not his residence and therefore improper. Correspondingly, even though lack of personal jurisdiction derived from insufficient service *can* form the basis to strike a judgment, the court, at that moment, could not affirmatively conclude there was a fatal defect. Even though Appellees and the trial court take issue with the fact that the Rorer Street address was not listed in the complaint nor attached in any capacity to

it, there has been no demonstration that such an enumeration was necessary under our Rules to perfect service, especially when there had been no contradiction of that address through any of Appellees' filings prior to the granting of their petition to strike. It was in error for the court to grant the petition to strike.

The very information that the lower court indicates is evidence of service being performed at the wrong residence only came into fruition *after* the Appellees filed their judgment on the pleadings when, *inter alia*, a deed purportedly demonstrating a transfer of the Rorer Street address from Eckert's family to another was made part of the record. ***See*** Reply Brief in Further Support of its Motion for Judgment on the Pleadings, Ex. A. Simply put, the court's granting of the petition to strike, at the time it did so, went beyond utilizing material outside of the original record. Instead, the court attempts, now, to find a *post hoc* justification based on items currently of record as to why the petition was granted in the first place. While everything stated by the trial court regarding service and property ownership *may* be true, it was neither before the court when it granted the petition to strike (which would have, at a minimum, given the Appellees a basis to open the judgment) nor was it part of the record when the judgment was entered.

Although it was under a somewhat different set of factual circumstances, we find ***American Express Co. v. Burgis***, 476 A.2d 944 (Pa. Super. 1984) to be instructive. There, the sheriff's return of service indicated that service of original process was effectuated on an adult in charge of the appellee's

- 10 -

residence who, similar to what happened in this present matter, refused to give his or her name or relationship to the sheriff process server. **See id**., at 946. While that appellee claimed in his corresponding petition to open that he was improperly served, this Court disagreed, placing the onus on the appellee to demonstrate that the "adult" in charge of his residence was not a proper receiver of process under our Rules of Civil Procedure. **See id**. (stating "as to whether sufficient evidence was produced to establish that the 'adult' was actually in charge of appellee's residence, we note that it is appellee's burden to prove otherwise"). Here, the Appellees, in their petition, did not materially challenge by way of asserting a fatal defect in either the location of service or the individual who accepted service on their behalf.

Based on the foregoing, the lower court erred when it granted Appellees' petition to strike as there was no fatal defect appearing of record at the time when the default judgment was entered. Accordingly, we reverse the court's grant of that petition. Necessarily, too, then we are constrained to reverse the court's order granting judgment on the pleadings and do so.

Orders reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2021

- 11 -