J-S11002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| LIBERTY BELL INVESTMENTS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AVA-G PROPERTIES, LLC | : | |
| | : | |
| Appellant | : | No. 2207 EDA 2022 |

Appeal from the Order Entered July 25, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210202594

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 07, 2023**

Appellant, AVA-G Properties, LLC ("AVA-G"), appeals from the order entered July 25, 2022, denying its petition to strike default judgment.  We affirm.

The procedural and factual history of this case is as follows.  On February 26, 2021, Appellee, Liberty Bell Investments, LLC ("Liberty Bell"), initiated the present matter by filing a praecipe for writ of summons.  On March 22, 2021, Liberty Bell personally served a copy of the writ of summons on AVA-G through its registered agent Edward Johnson, Esquire ("Attorney Johnson").  Trial Court Opinion, 11/23/22, at 3.  "In a letter dated March 24, 2021, [however, Attorney] Johnson [informed counsel for Liberty Bell] that his office 'ha[d] not represented AVA-G [] in quite some time and [that he] ha[d] no right to accept any documents on its behalf.'"  *Id.*  As such, on April 20, 2021, Liberty Bell served another copy of the writ of summons on Antoine Gardiner, the sole

member of AVA-G, by personally serving a "tenant who refused to provide his name" at 5713 Wyndale Avenue, Philadelphia, Pennsylvania. *Id.* at 2-3. Then, on May 11, 2021, Liberty Bell served its complaint, setting forth claims of breach of contract. *Id.* "The [c]ertificate of [s]ervice attached to the [c]omplaint indicate[d] that service was made upon AVA-G [*via*] first class mail at (i) 5713 Wyndale Avenue[, Philadelphia, Pennsylvania,] and (ii) [Post Office] Box 447[, Ardmore, Pennsylvania]."[1] *Id.* at 3. Thereafter, "AVA-G did not file a responsive pleading." *Id.* Thus, after serving a ten-day notice of intent to enter default judgment pursuant to Pa.R.Civ.P. 237.1, Liberty Bell requested, and obtained, a default judgment against AVA-G on November 16, 2021. *Id.*

On June 3, 2022, through counsel, AVA-G filed a petition to strike the default judgment. In the petition, AVA-G averred that it was a "New Jersey corporation," Attorney Johnson was its registered agent, and its registered office was in Hackensack, New Jersey. AVA-G's Petition to Strike the Default Judgment, 6/3/22, at ¶ 3. AVA-G further averred that Liberty Bell initiated the instant action by "serving the summons on March 22, 2021, by personal service [to] its registered agent[, Attorney] Johnson," at AVA-G's registered office. *Id.* at ¶ 4. Nonetheless, AVA-G claimed that Liberty Bell failed to properly serve its complaint on AVA-G. *Id.* at ¶¶ 15-23. Specifically, AVA-G alleged that, instead of mailing the complaint to the Wyndale Avenue address

---

[1] As we shall explain below, AVA-G, in its operating agreement, identified the postal box in Ardmore, Pennsylvania as its principal place of business.

- 2 -

or the postal box in Ardmore, Pennsylvania, Liberty Bell should have served the complaint on AVA-G's agent, Attorney Johnson, "whose address was, as [Liberty Bell] well knew from the service of the [w]rit [of summons in], Hackensack, N[ew Jersey], or [upon AVA-G at its'] business address, which was [in] Teaneck, N[ew Jersey.] *Id.* at ¶ 21. Accordingly, AVA-G asserted that, because "[Liberty Bell's c]omplaint was never served" on AVA-G, a fatal defect existed, requiring the trial court to grant its petition to strike the default judgment. *Id.* at ¶ 23.

On July 25, 2022, the trial court entered an order denying AVA-G's petition to strike default judgment. *See* Trial Court Order, 7/25/22, at 1. In its subsequent 1925(a) opinion, the trial court explained its' reasons for denying AVA-G's petition to strike. Initially, the trial court found that Liberty Bell properly served the writ of summons, the original process in this matter, by personally serving Attorney Johnson, AVA-G's registered agent. Trial Court Opinion, 11/23/22, at 7; *see* Pa.R.Civ.P. 424(3). Accordingly, the trial court considered Liberty Bell's service of the complaint under Pa.R.Civ.P. 440. Trial Court Opinion, 11/23/22, at 6 (explaining that "service of the subsequent complaint when suit has been initiated by writ of summons is governed by Rule 440"). Ultimately, the trial court held that Liberty Bell's service of the complaint, as secondary service, was properly accomplished when Liberty Bell mailed a copy of the complaint to the postal box in Ardmore, Pennsylvania, which was listed in AVA-G's operating agreement as a valid mailing address for AVA-G's business operations. Trial Court Opinion, 11/23/22, at 6-7; *see*

*also* Pa.R.Civ.P.440 (a)(2)(ii) (explaining that service is proper when no attorney has entered his or her appearance for a party by "leaving a copy at or mailing a copy to the last known address of the party to be served").

AVA-G filed a timely notice of appeal on August 24, 2022. On appeal, AVA-G raises the following issue:

> Did the trial court commit an error of law in denying [AVA-G's] petition to strike the default judgment where on the face of [the] record[,] the writ of summons was never served on AVA-G and[,] therefore[,] the trial court never obtained personal jurisdiction over [AVA-G] and did not have power to enter a judgment against it?

AVA-G's Brief at 2 (superfluous capitalization omitted).

We review a trial court's ruling on a petition to strike or open a confessed judgment for an abuse of discretion or error of law. *See*, *e.g.*, *Ferrick v. Bianchini*, 69 A.3d 642, 647 (Pa. Super. 2013). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." *Neducsin v. Caplan*, 121 A.3d 498, 506 (Pa. Super. 2015).

As a preliminary matter, we find that the trial court correctly determined that AVA-G was not entitled to relief because, based upon the record before the trial court, no facial defect existed. Indeed, pursuant to the affidavit of service filed by Liberty Bell, on March 22, 2021, Liberty Bell personally served the writ of summons on Attorney Johnson, AVA-G's registered agent. Affidavit of Service, 4/2/21, at 1. Shortly thereafter, Attorney Johnson informed Liberty Bell that he was no longer affiliated with AVA-G; nevertheless, more

than a year later, AVA-G, in its petition to strike default judgment, averred that Attorney Johnson remained, in fact, its registered agent. *See* AVA-G's Petition to Strike Default Judgment, 6/3/22, ¶ 4 (claiming that Liberty Bell initiated the instant action by "serving the summons on March 22, 2021, by personal service [to AVA-G's] registered agent. . . [Attorney] Johnson"). Accordingly, based upon AVA-G's own filing, Liberty Bell properly served original process, *i.e.*, the writ of summons, upon AVA-G. *See* Pa.R.Civ.P. 424(3) (explaining that "[s]ervice of original process upon a corporation or a similar entity may be made by handing a copy to . . . an agent authorized by the corporation or similar entity in writing to receive service of process for it"). Because Liberty Bell properly initiated this matter through personal service of the writ of summons upon Attorney Johnson, AVA-G's registered agent, the service of the complaint in this action was governed by Pa.R.Civ.P. 440 (outlining the rules for service of legal papers other than original process). Because Liberty Bell properly initiated this matter through the personal service of the writ of summons upon Attorney Johnson AVA-G's registered agent, Pa.R.Civ.P. 440(a)(2)(ii) permitted Liberty Bell to serve the complaint "by leaving a copy at or mailing a copy to [AVA-G's] last known address." *Id*. That is exactly what Liberty Bell did. In particular, Liberty Bell mailed, *via* first class mail, a copy of the complaint to the postal box in Ardmore, Pennsylvania, which was identified in AVA-G's operating agreement as its primary business address. *See* Liberty Bell's Memorandum of Law in Opposition to [AVA-G's] Motion to Strike and/or Vacate the Default Judgment, 6/23/22, at Exhibit D.

Accordingly, based upon the record before it, the trial court properly denied AVA-G's petition to strike default judgment.

On appeal, however, AVA-G changes track and now argues that, at the time Liberty Bell served the writ of summons, Attorney Johnson was not AVA-G's registered agent. *See* AVA-G's Brief at 14-19. Undoubtedly, this wholly contradicts AVA-G's averments in its petition to strike default judgment. *See* AVA-G's Petition to Strike the Default Judgment, 6/3/22, at ¶¶ 4 and 21 (claiming that Attorney Johnson **was** AVA-G's registered agent and Liberty Bell failed to abide by the rules of civil procedure when it failed to serve its complaint upon him). It is apparent, therefore, that AVA-G, for the first time on appeal, sets forth factual allegations completely contrary to those presented before the trial court. This is impermissible under our appellate rules. As such, we conclude AVA-G failed to preserve for appellate review the claims based upon its newly-introduced facts. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Moreover, further review of the record yields additional grounds upon which to find that AVA-G waived its appellate claims. Indeed, we note that, regardless, we cannot consider the issue AVA-G currently sets forth on appeal because it is not properly preserved. It is well-settled that, "[w]henever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner." ***Feingold v. Hendrzak***, 15 A.3d 937, 940 (Pa. Super.

2011) (emphasis, citations and quotations omitted). Thus, when ordered, an appellant must file a timely concise statement, raising all issues it intends to subsequently raise on appeal. The "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (explaining that an untimely concise statement waives all claims on appeal); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward . . . [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

Herein, the record reflects that, after AVA-G filed a timely appeal, on August 31, 2022, the trial court ordered it to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the docketing of the order, *i.e.*, on or before September 21, 2022. Trial Court Order, 8/31/22, at 1. The order also informed AVA-G that "[a]ny issues not properly included in the [s]tatement timely filed and served pursuant to Pa.R.A[.]P. 1925(b) shall be deemed waived." *Id.* at 2. Despite the trial court's order, AVA-G filed its Rule 1925(b) statement on September 23, 2022. AVA-G's 1925(b) statement, therefore, was manifestly untimely, rendering its claim waived on appeal. *See Castillo*, *supra*.

In addition, in AVA-G's Rule 1925(b) statement, AVA-G set forth the following claims of error:

1. The trial court committed an error of law/abuse of discretion in denying [AVA-G's] petition to strike the default judgment based on a lack of service of the **complaint**.

2. There was a defect on the face of the record establishing that the **complaint** was not served on [AVA-G], namely:

   a. The summons was served on [AVA-G's] agent in New Jersey;

   b. The **complaint** was not served on [AVA-G's] agent in New Jersey, but instead was served at 5713 Wyndale Avenue;

   c. As the [Office of Property Assessment] records attached to the petition to strike established, the place where the **complaint** was served – 5713 Wyndale Avenue, is not owned by [AVA-G] . . . but instead is a rental properly owned by Antoine Gardiner.

   d. The place where the **complaint** was served is not a property associated with [AVA-G] and has no connection with [AVA-G];

   e. Accordingly, on the face of the record, [AVA-G] was not served the **complaint** at any address associated with [AVA-G];

   f. Even where a writ of summons is properly served, the failure to properly serve the **complaint** is a fatal defect that requires the striking of a default judgment. ***Clymire v[.] McKivitz***, [504 A.2d 937, 939 (Pa. Super. 1986)];

   g. As the [C]ourt reasoned, "[the service of the writ of summons] imposes no duty whatever upon the defendant until the plaintiff files **and** serves his complaint, to which the defendant will be required to plead[.]" ***Clymire***, [504 A.2d at 939] (emphasis in original).

> h. In this case, the face of the record established that the **complaint** was never served on [AVA-G] and therefore[,] the trial court committed an error of law in denying [AVA-G's] petition to strike default judgment[.]

AVA-G's Rule 1925(b) Concise Statement, 9/23/22, at *1-*2 (unpaginated) (emphasis added). Although AVA-G challenged the service of Liberty Bell's complaint in its Rule 1925(b) statement, in its appellate brief, AVA-G presents the following issue for our review:

> Did the trial court commit an error of law in denying [AVA-G's] petition to strike the default judgment where on the face of [the] record[,] the **writ of summons** was never served on AVA-G and[,] therefore[,] the trial court never obtained personal jurisdiction over [AVA-G] and did not have power to enter a judgment against it?

Appellant's Brief at 2-3 (emphasis added) (superfluous capitalization omitted). Hence, AVA-G completely abandons its earlier claim alleging Liberty Bell failed to properly serve its complaint and, on appeal, now challenges Liberty Bell's alleged failure to properly serve its' writ of summons. **See id.** at 13-26. Because AVA-G failed to raise the latter issue in its 1925(b) concise statement, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); **see also Lord**, **supra**.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/7/2023*