J-S19042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PNC EQUIPMENT FINANCE, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BRIGHT VANGUARD, LLC AND CRAIG DAVIS | : | |
| | : | No. 3376 EDA 2024 |
| APPEAL OF: CRAIG DAVIS | : | |

Appeal from the Order Entered September 16, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2021-21774

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.:  **FILED JULY 18, 2025**

Craig Davis ("Davis") appeals pro se from the order denying his motion to vacate default judgment entered by the Montgomery County Court of Common Pleas ("trial court") following his failure to file an answer to the complaint.  After careful review, we affirm.

Davis was the president of Bright Vanguard, LLC ("Bright Vanguard"), which sold computer hardware and related services.  On September 17, 2019, PNC Equipment Finance, LLC ("PNC") and Bright Vanguard entered into an agreement wherein PNC would finance the purchase of Bright Vanguard's products and services for Bright Vanguard customers.  During the life of the agreement, PNC financed seventeen leases resulting in a balance of $1,918,505.00.  In 2021, PNC learned that many of the leases were not made

under genuine circumstances. Subsequently, on October 26, 2021, PNC filed a complaint against Bright Vanguard for breach of contract and Davis for fraud. The complaint alleged that Davis falsified the names and business purposes of borrowers and lessees.

PNC's attorney, Matthew Foley, attempted to personally serve the complaint on Davis several times but was unsuccessful. Eventually, Attorney Foley served Davis, via certified mail at Davis' San Antonio residence. Attorney Foley received confirmation of the service through a return receipt card from the United States Postal Service that Davis appeared to have signed on October 29, 2021.

Davis failed to file an answer to the complaint. Subsequently, PNC filed a praecipe for the entry of default judgment. The trial court entered default judgment against Davis on January 6, 2022, in the amount of $2,645,999.25.

PNC then hired Attorney Ken Ito to help enforce the judgment, specifically in California, where it believed Davis had assets. Throughout this process, Davis received notices from PNC's counsel each time it sent bank levies and post-judgment subpoenas. Additionally, Attorney Ito served Davis with a Notice of Sister State Judgment in July 2022. In October 2022, PNC was able to collect $86,538.41 from one of Davis' bank accounts.

On July 18, 2024, Davis filed a motion to vacate the judgment for lack of personal jurisdiction, arguing that Attorney Foley's representations that Davis was served the complaint and signed the return receipt were false. He

further argued that he did not receive notice of the judgment until April 2024. He sought a hearing on his motion. The trial court construed Davis' motion as a petition to strike/open the default judgment and subsequently denied this motion without a hearing. Davis filed a motion to reconsider, which the trial court denied. Davis filed a timely appeal. The trial court ordered him to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Davis did not file a concise statement.

Davis presents the following three issues on appeal:

1. Did the Montgomery County Court of Common Pleas commit reversible error when it denied [Davis'] motion to vacate for lack of personal jurisdiction?

2. Did the Montgomery County Court of Common Pleas commit reversible error when it applied the wrong legal standard when it denied [Davis'] motion to vacate for lack of personal jurisdiction even though it presented a cognizable claim of fraud upon the court?

3. Did the Montgomery County Court of Common Pleas commit reversible error when it found that [Davis'] motion to vacate for lack of personal jurisdiction was untimely by over two years?

Davis' Brief at 3 (unnecessary capitalization omitted, issues reordered).[1]

Before deciding Davis' claims, we must address PNC's contention that his failure to file the court-ordered Rule 1925(b) concise statement requires a finding that he waived his claims. *See* PNC's Brief at 16-18. It is well settled

---

[1] Although interlocutory, "[a]n appeal may be taken as of right from … [a]n order refusing to open, vacate or strike off a judgment." Pa.R.A.P. 311(a)(1); *Keller v. Mey*, 67 A.3d 1, 3 (Pa. Super. 2013).

that when a trial court orders an appellant to file a Rule 1925(b) statement, the appellant must comply in a timely manner. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005). "[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (en banc) (citation and emphasis omitted); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived."). "[S]trict application of the bright-line rule … necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders." *Greater Erie Indus. Dev. Corp.*, 88 A.3d at 226 (citation and emphasis omitted). Of particular relevance here, "a failure by the prothonotary to give written notice of the entry of a court order and to note on the docket that notice was given will prevent waiver for timeliness pursuant to Pa.R.A.P. 1925(b)." *Id.* (citation and quotation marks omitted).

The record reflects that the trial court issued an order that required Davis to submit a Rule 1925(b) statement. The order was sent to Davis in San Antonio on October 16, 2024, but was returned as undeliverable on November 13, 2024. A praecipe was filed to change his address on November 14, 2024, which indicated a new address in Los Angeles, California. It is unclear from the record whether the order was sent to Davis after the change of address. Because we cannot discern from the record whether Davis was

ever notified of the Rule 1925(b) order, we decline to find waiver on this basis. *See Commonwealth v. Douglas*, 835 A.2d 742, 745 (Pa. Super. 2003) (stating that an appellant must have actual notice that he has been ordered to file a Pa.R.A.P. 1925(b) statement).

## Petition to Strike Default Judgment

We will address Davis' first two issues together. Davis argues that because he was never properly served with the complaint, the court was not able to exercise personal jurisdiction over him. Davis' Brief at 14-15. He supports his claim by asserting that he moved from San Antonio, Texas in April 2021, prior to service being rendered. *Id.* at 16. Davis also asserts that he did not sign the USPS return receipt, which indicated that he was served with the complaint. *Id.* He claims he is prepared to present expert testimony from a handwriting analyst to support his assertion. *Id.* Further, Davis contends that Attorney Foley committed fraud when he swore in his affidavit of service that he served Davis. *Id.* at 14-16. Davis maintains that this fraud was material because without Attorney Foley's assertion that he served Davis, the court would not have assumed personal jurisdiction. *Id.* at 14-15. Davis asks this Court to reverse and remand the matter to allow him an opportunity to have a hearing on his claims. *Id.* at 20.[2]

_____

[2] We note that although Davis' brief contains numerous references to case law from the United States Supreme Court and other jurisdictions, it is devoid of references to relevant case law or how the law applies to this case. *See*
*(Footnote Continued Next Page)*

"An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is de novo and our scope of review is plenary." ***Green Acres Rehabilitation and Nursing Center v. Sullivan***, 113 A.3d 1261, 1267 (Pa. Super. 2015) (citation omitted). "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Midwest Financial Acceptance Corp. v. Lopez***, 78 A.3d 614, 622-23 (Pa. Super. 2013) (citation omitted). "[A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." ***Digital Communications Warehouse, Inc. v. Allen Investments, LLC***, 223 A.3d 278, 285 (Pa. Super. 2019) (citation omitted). When reviewing the merits of a petition to strike, "the court is limited to a review of only the record as filed by the party in whose favor the warrant is

---

Pa.R.A.P. 2119(a). "[A]lthough [we are] willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Jordan v. Pa. State Univ.***, 276 A.3d 751, 761 (Pa. Super. 2022) (citation omitted). Nonetheless, we decline to find waiver on this basis and will address his claims.

given. Matters dehors the record will not be considered. If the record is self-sustaining, the judgment will not be stricken." ***Id.*** at 287 (cleaned up). When a fatal defect is determined on the face of the default judgment record, the prothonotary does not have the authority to enter judgment, and when a prothonotary enters judgment without authority, that judgment is void ab initio. ***Id.*** at 285 (citations omitted).

> A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs. Moreover, it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time. A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same "timeliness" considerations as a petition to open the judgment.

***Sullivan***, 113 A.3d at 1268 (citation omitted). This Court has long recognized that defective service presents a fatal defect justifying a petition to strike. ***See, e.g., Grady v. Nelson***, 286 A.3d 259, 264 (Pa. Super. 2022); ***Clymire v. McKivitz***, 504 A.2d 937, 939 (Pa. Super. 1986).

> [S]ervice of process[,] and our rules governing how service is accomplished[,] serve a dual purpose. In addition to being a prerequisite to investing a court with personal jurisdiction over the defendant, service of process has as its purpose notice to the named defendant that he has been brought into court as a party in a lawsuit and must take appropriate steps in defense.

*Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 999 (Pa. 2024) (citation and quotation marks omitted). "[T]he rules concerning service of process must be strictly followed." *Trexler v. McDonald's Corp.*, 118 A.3d 408, 412 (Pa. Super. 2015) (citation omitted). Original process may be served, among other ways, "by handing a copy to the defendant[,]" Pa.R.Civ.P. 402(a)(1), or by handing a copy to a specified person at a specified location, including "an adult member of the family with whom [the defendant] resides" at the defendant's residence, Pa.R.Civ.P. 402(a)(2)(i), or the defendant's agent "at any office or usual place of business of the defendant[,]" Pa.R.Civ.P. 402(a)(2)(iii). "Original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof by mail in the manner provided by Rule 403." Pa.R.Civ.P. 404(2). "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa.R.Civ.P. 403.

Our review of the record reveals the following. On October 27, 2021, Attorney Foley sent a copy of the complaint via certified mail to Bright Vanguard's office and to Davis' San Antonio Residence requesting a return receipt. *See* Affidavit/Certificate of Service at 3-4. On October 29, 2021, Davis appeared to have signed the return receipt at his San Antonio residence.

***See*** Affidavit/Certificate of Service at 5. The signed return receipt includes a signature of Craig Davis. ***See*** Trial Court Opinion, 11/14/2024, at 5 (noting "[Davis'] signature is clear and unambiguous on the return receipt from the U.S. Post Office"). Additionally, a USPS tracking sheet was provided, which indicated that the complaint was delivered to an individual at the San Antonio residence on October 29, 2021. ***See*** Affidavit/Certificate of Service at 6.

Although Davis contends that he did not sign the return receipt, this is not apparent on the face of the default judgment record. Instead, as Davis readily observes, a finding that he did not sign the return receipt requires information dehors the record, including his retention of a handwriting expert. ***See*** Davis' Brief at 16. Thus, Davis' request to strike the default judgment does not merit relief. ***See Digital Communications Warehouse, Inc.***, 223 A.3d at 287; ***see also, e.g., Roy by & through Roy v. Rue***, 273 A.3d 1174, 1185 (Pa. Super. 2022) (finding the question of whether the pleading contained the "correct" address did not provide a basis to strike the default judgment, as challenges to factual averments in the record are remedied by a proceeding to open the judgment).

## Petition to Open Default Judgment

Davis asserts that the trial court erred by failing to open the default judgment because he had no knowledge of the action until April 1, 2024, when his bankruptcy attorney gave him the complaint. Davis' Brief at 15. Davis

further asserts that his petition to open was timely filed as he had a "reasonable amount of time" to bring his claim. *Id.* at 19.[3]

"A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense." *U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1027-28 (Pa. Super. 2017) (citations omitted). A petition to open a judgment is addressed to the court's equitable powers and is a matter of judicial discretion. *Roy*, 273 A.3d at 1186. Because a petition to open a default judgment is an appeal to the equitable powers of the court, the decision to grant or deny the petition is within the sound discretion of the trial court, which we will not overturn absent a manifest abuse of discretion or error of law. *See Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (citation omitted).

"The court will only exercise this discretion when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear can be excused." *Schultz v. Erie Ins. Exchange*, 477 A.2d 471, 472 (Pa. 1984) (citation omitted). "Moreover, we note the trial court cannot open a default judgment based on the 'equities' of the case when the

---

[3] In support of this contention, Davis relies upon Rules 60(b) and (c) of the Federal Rules of Civil Procedure as well as federal cases that use the "reasonable time" language. *See* Davis' Brief at 17-19. As discussed below, this is not the law in Pennsylvania.

defendant has failed to establish all three of the required criteria." ***US Bank***

***N.A. v. Mallory***, 982 A.2d 986, 995 (Pa. Super. 2009) (citation omitted).

In determining whether the first prong is met, the following is considered:

> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received.  The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timel[y].  Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.

***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 176 (Pa. Super. 2009) (citation omitted).

The trial court denied Davis' petition to open the judgment on timeliness grounds.  Trial Court Opinion, 11/24/24, at 5.  It found that Davis filed his petition two years and six months after the entry of default judgment on January 6, 2022, and concluded it was not promptly filed.  ***Id.***

We find no basis to conclude that the trial court abused its discretion in denying Davis' motion to vacate default judgment.  As found by the trial court, Davis' petition was filed over two and a half years after default judgment was entered, which cannot be viewed as promptly filed.  ***Compare Alba v. Urology Assoc. of Kingston***, 598 A.2d 57, 58 (Pa. Super. 1991) (finding that fourteen-day delay was timely), ***and Fink v. General Accident Ins. Co.***, 594 A.2d 345, 346 (Pa. Super. 1991) (finding that five-day delay was timely), ***with Watters***, 163 A.3d at 1029 (concluding that a petition to open

- 11 -

nineteen months after the default judgment was entered was not prompt and did not fulfill the first element of opening a default judgment). Even if we accept the April 1, 2024 date, Davis' petition to open is still untimely because he waited more than three-and-a-half months (108 days) to file it. *See Rue*, 273 A.3d at 1190 (holding that a fifty-one-day delay was untimely). Further, Davis fails to offer any reasons for the delay in filing his petition to open. Therefore, we conclude that the trial court did not abuse its discretion in denying the petition to open the judgment. *See Mallory*, 982 A.2d at 995.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/18/2025